Ross *v.* Curtis.

---

### Ross *vs.* Curtis.

It is an elementary principle, that where one person receives money for another, and the law makes it the duty of the receiver to pay it to the person for whom or for whose use it is received, a promise to pay it in accordance with the duty, is always presumed, and a privity established, as matter of law, between the parties. *Per* Johnson, J.

Where money is directed, by a statute, to be paid by a county treasurer to the supervisor of a particular town, whose duty it is to apply the money thus received, in payment of certain bonds issued by the town, such supervisor, after receiving the money, holds it as trustee or depositary for the bond holders, and is liable to them in an action for money had and received.

And in such an action, the defendant will not be permitted to go behind the payment of the money to him, to question the validity of the bonds.

THIS action was brought to recover the interest due upon five of the bonds, for $1000 each, issued by the supervisor and rail road commissioners of the town of Sterling, Cayuga county, under a statute passed June 23, 1851, and an amendment thereof, passed July 21, 1853, (*Laws of* 1851, *p.* 544; *Laws of* 1853, *p.* 1137,) of which bonds the plaintiff was the holder. The first mentioned act, by its first section, authorized the supervisor of the town of Sterling, and Robert Hume and William Wyman, who were appointed

Ross *v.* Curtis.

commissioners to act in conjunction with said supervisor, to borrow the sum of $25,000 on the credit of the town for a term of years, and to execute therefor, under their official signatures, a bond or bonds, on which the interest should be made payable on the first of March in each year, and for the successive years after the first of March, 1852. And the moneys thus borrowed were directed to be paid over to the president and directors of a certain rail road company therein mentioned, to be expended by said company in grading and constructing its rail road. The fourth section of the act, after directing how the money shall be levied, collected and paid over to the treasurer, proceeds: "which sum shall be paid by the treasurer of Cayuga county, at his office, to the supervisor of the town of Sterling, on or before the 25th day of February, *which sum shall be applied by said supervisor in payment on the bonds, on or before the first day of March succeeding.*" The board of supervisors of Cayuga county caused the money required to pay the interest upon the bonds for the year 1857, to be levied and collected. On the 25th day of February, 1857, the defendant (he being then supervisor of Sterling) applied to the treasurer, and received from him money sufficient to pay the interest upon all of the twenty-five bonds, and thereupon gave him two receipts, each for the same amount, and in the following form:

"$875.              Cayuga County Treasurer's Office, ⟩
                    Auburn, February 25, 1857.      ⟨

Received from Horace T. Cook, treasurer of the county of Cayuga, eight hundred and seventy-five dollars, to apply on the moneys collected in the town of Sterling, *to pay the interest on the bonds issued by said town.*

(Signed)              HIRAM C. CURTIS,
                      *Supervisor of Sterling.*"

The plaintiff demanded of the defendant payment of the interest due upon his five bonds, which was refused, and this

action was thereupon brought to recover the same. The action was tried at the Cayuga circuit, and the plaintiff nonsuited. Upon appeal the nonsuit was set aside, the general term unanimously holding that the action for money had and received was the appropriate remedy. Upon a re-trial, judgment was rendered for the plaintiff for the interest due, with interest thereon from the time of the demand. From that judgment an appeal was taken by the defendant to the general term.

*D. H. Marsh,* for the appellant.

*Wright* and *Pomeroy,* for the plaintiff.

*By the Court,* JOHNSON, J. The action is for money had and received by the defendant, to the use of the plaintiff. The right of the plaintiff to maintain this action is entirely settled, so far at least as this court is concerned, by an unanimous decision in the case of *Murdock* v. *Aikin,* (29 *Barb.* 59.) It cannot be necessary to review the grounds of that decision. The principle is elementary that where one person receives money for another, and the law makes it the duty of the person thus receiving it to pay it to the person for whom or for whose use it is thus received, a promise to pay it in accordance with the duty is always presumed, and a privity established as matter of law, between the parties. It is unnecessary to cite authorities for so plain and well established a proposition. The defendant had no right to receive the money for any purpose other than to pay it over to the plaintiff and others similarly situated; and his receipt to the county treasurer shows that he received it for that purpose and no other. His duty to pay the moneys thus received, in satisfaction of the bonds, is prescribed by statute. (*Session Laws of* 1857, *p.* 546, § 4.) After thus receiving the money, he held it as trustee or depositary, for the plaintiff and other bondholders, and should not be permitted to go behind the payment of the

money to him, to question the validity of the bonds, in payment and satisfaction of which the money has been thus advanced by or collected from the obligors. The statute constituted him the official agent of the plaintiff and other bondholders, to receive the money, when collected and paid into the county treasury, and pay it over to them. But if he could be allowed, with the plaintiff's money thus in his hands, to question the validity of the bonds, that question is fully settled by the decision of this court in the cases of *Gould* v. *The Town of Venice*, and *Starin* v. *The Town of Genoa*, (29 *Barb.* 442.) I find nothing in this case to distinguish it at all in principle from the other cases decided by us, before referred to. The judgment must therefore be affirmed.

[MONROE GENERAL TERM, December 5, 1859. *T. R. Strong, Smith* and *Johnson,* Justices.]