(7 Misc. Rep. 313.)

### FALK v. WOLFSOHN.

(Common Pleas of New York City and County, General Term.  February 28, 1894.)

PRINCIPAL AND AGENT—PROOF OF AGENCY.

In an action for work done under an order given by defendant to plaintiff, it appeared that defendant was agent for one V., and had, as agent, habitually dealt with plaintiff, giving orders for similar work; that he had authority from V. to give the order in question; and that he had disclosed his agency to plaintiff. *Held*, that defendant could not be charged on the contract, where the only evidence that he was dealing personally was testimony of plaintiff's manager, denying that this particular transaction was with defendant as agent.

Appeal from sixth district court.

Action by Benjamin J. Falk against Henry Wolfsohn to recover for services rendered and goods furnished. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Benno Loewy, for appellant.

B. Lewinson, for respondent.

GIEGERICH, J.   This action was brought to recover for services rendered, and goods furnished, as indicated on the following bill:

Mr. Henry Wolfsohn, 331 East 14th Street.

May 16th, 1893.   Making plates for etching Miss Van Stosch........ $40 00
500 prints of same.......................................... 40 00

Making ................................................... $80 00

The negotiations were begun orally, in an interview between the defendant and the plaintiff's manager.   Some details, such as time, price, etc., were not settled, and the following letters were subsequently exchanged:

"April 26, '93.

"Mr. Henry Wolfsohn—Dear Sir: We find that it will take at least two weeks to deliver any photogravures, such as you wish to order, of Miss Van Stosch.   The cost of making the plate will be $40, and the cost of 500 copies will be 8 cents apiece, making your entire order $80.   Regarding the ownership and possession of the plate, we would say that we cannot depart from our rule in this matter.   The property of the plate is ours.   The amount that you pay is merely for the cost of making the same.   If the above points are clear and satisfactory to you, please let us know at once, and we will proceed with your order.

"Very respectfully yours,                              Falk."

To this the following reply was sent:

"Henry Wolfsohn's Musical Bureau.   Manager for Leading Artists.

"New York, Apr. 27, 1893.

"B. Falk, Esq.—Dear Sir:   Received your note.   Please go on with the Van Stosch pictures.

"Very truly,                              Henry Wolfsohn."

It is obvious upon the face of these letters that they do not contain a complete expression of the contract, and that parol evidence is admissible (it might be said indispensable) to show fully what the agreement was.   Beach v. Railroad Co., 37 N. Y. 457; Arms v. Arms, 13 N. Y. St. Rep. 196; 1 Greenl. Ev. (10th Ed.) § 275, p. 385; Id. § 284, p. 397.   The parties evidently took this view of it on the trial, as no objection appears upon the record to the introduction of the oral evidence.   Looking, therefore, to the entire evidence to discover whether the defendant made the contract as agent for Miss Van Stosch or on his personal account, it is found that the plaintiff's manager admitted on cross-examination that he knew from defendant's own statements, made to him in the course of their business dealings, that defendant was Miss Van Stosch's agent and manager.   Furthermore, it is shown by the defendant's uncontradicted testimony that he had, as agent, habitually dealt with the plaintiff in giving orders for similar work; that he had authority from Miss Van Stosch to give this order; and that he had disclosed the fact of his agency to the plaintiff.

True, the plaintiff's manager denies that this particular transaction was with defendant as agent. He testifies: "We did not make them for him .in any capacity whatever, except for Henry Wolfsohn. His capacity was not concerned in the transaction." This is nothing more than a loose conclusion of the witness, and nowhere in the record is there any evidence of anything said or done by the defendant which would warrant an inference that he, in this case, dealt otherwise than as formerly, or that he interposed his personal liability. This should have been shown in order to charge him with liability. Buck v. Amidon, 4 Daly, 126; Hall v. Lauderdale, 46 N. Y. 70. The judgment is not supported by the evidence, and it should therefore be reversed, and a new trial ordered, with costs to abide the event.