(23 Misc. Rep. 332.)

### WHITING et al. v. SAUNDERS.

(Supreme Court, Appellate Term. April 27, 1898.)

1. LIABILITY OF AGENT—DISCLOSURE OF PRINCIPAL.

　　When an agent, in making a contract relating to the matter of the agency and within the authority conferred, discloses his principal, the agent will not be personally bound, unless upon clear and explicit evidence of an intention to substitute or to superadd his personal liability for or to that of the principal.

2. SAME.

　　Where a real-estate broker is employed to, and does, effect an exchange of real property, the disclosure to him of a principal for whom his employer is acting as agent does not deprive him of his right to recover his commissions from the agent, if it is not made until after the transaction has been in fact negotiated, although prior to the actual execution of the contract for the exchange.

3. APPEAL—REVIEW.

　　When, upon an appeal to the appellate term of the supreme court from an affirmance of the general term of the city court, there is some evidence to sustain the finding of the jury, it is not for the appellate term to weigh conflicting evidence, and the verdict will not be disturbed.

Appeal from city court of New York, general term.

Action by Augustus H. Whiting and others against Thorndike Saunders. From a judgment affirming a judgment of the trial term entered on the verdict of a jury, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Saunders, Webb & Worcester, for appellant.
S. A. & D. J. Noyes, for respondents.

GILDERSLEEVE, J. The only question presented on this appeal that requires discussion is the claim of defendant that he was

acting as agent for his wife, a disclosed principal, and without agreement to bind himself personally, and that he cannot therefore be held liable. It is well settled that when the agency is disclosed, and the contract relates to the matter of the agency, and is within the authority conferred, the agent will not be personally bound, unless upon clear and explicit evidence of an intention to substitute or to superadd his personal liability for or to that of the principal. See Hall v. Lauderdale, 46 N. Y. 74. This question of disclosed agency was not specifically referred to in the charge of the trial judge, although he tells the jury that they must satisfy themselves that defendant employed plaintiffs to do the work for him; but, as the jury found in favor of plaintiffs, we must accept their verdict as conclusive on this point, if there is any evidence tending to sustain such a finding. If, however, there is no such evidence, then it was an error of law on the part of the trial judge to refuse defendant's request for the direction of a verdict in his favor; and, upon defendant's exception to such ruling, a question of law is presented to the appellate term for consideration. All the other questions in the case were fairly submitted to the jury, and they have decided them, upon competent evidence, in favor of the plaintiffs. With this finding the appellate term cannot interfere. The questions of law raised by exceptions to the admission or exclusion of evidence are not of sufficient weight to demand discussion. The only question, therefore, for the appellate term to decide, is whether there was any evidence to support a finding that defendant acted with an undisclosed principal, or, if the agency was disclosed, whether he acted with intention or agreement to substitute or superadd his personal liability for or to that of his principal. Hall v. Lauderdale, supra. It is not for us to weigh the evidence if conflicting; but it is our duty simply to ascertain if there is any evidence on this point to support the ruling of the trial judge on defendant's motion for the direction of a verdict.

The plaintiffs were real-estate agents. The wife of defendant was the owner of certain property at Long Branch and at Verona. The defendant, acting as agent for his wife, placed this property in plaintiffs' hands for exchange for city real estate. After considerable negotiation, a sale, by exchange, was effected for some property in Brooklyn, owned by Mrs. Boschen. Plaintiffs' counsel put the plaintiff Richters on the stand, and he testified, with regard to the question under consideration, as follows:

"I entered them [the property of defendant's wife] in our books in the name of Thorndike Saunders, the defendant. I did not know anybody else as owner at that time. * * * The contract [of sale or exchange between Mrs. Saunders and Mrs. Boschen by their attorneys] was drawn up in writing. I drew it up. I presented it to Mr. Boschen for his wife's signature. He signed it. I presented it to Mr. Saunders. He signed it in my presence, 'Emma Saunders, by Thorndike Saunders, Attorney.' That was the first intimation that I had that anybody but Thorndike Saunders was interested in these properties in New Jersey. He said his wife owned it, and that he had power of attorney. This was the first time I was apprised that his wife was the owner. I was the subscribing witness, and saw him sign it, and I saw Mr. Boschen sign for his wife."

This contract, which plaintiff swears he himself drew up, begins as follows: "Agreement made and entered into the 21st day of November, 1894, between William C. Boschen, attorney for Martha Boschen, of the city of Brooklyn, party of the first part, and Thorndike Saunders, attorney for Emma Saunders, of Asbury Park, N. J., party of the second part," etc.; and the contract clearly shows that Emma Saunders was the principal, not the defendant. On his cross-examination, by Mr. Saunders, the plaintiff swears:

"I testified that I did not know that Emma Saunders was the owner of the New Jersey property until after I had seen signed, 'Emma Saunders, per T. Saunders, Attorney.' I· had no recollection of your mentioning Mrs. Saunders until the time of the contract. I also testified that I drew this Exhibit A [the contract in question]; and that I presented it, before I brought it to Mr. Saunders, to Mr. Boschen, and that he signed, 'Martha Boschen, by William C. Boschen, Attorney in Fact;' and that then I brought it to Mr. Saunders, and he signed it, 'Emma Saunders, by T. Saunders, Attorney.' Q. Then, if you drew this agreement before you knew that I was acting as attorney for Emma Saunders, how does it happen that you wrote into the first part of that agreement 'and Thorndike Saunders, attorney for Emma Saunders, of Asbury Park, N. J.'? Look at it, and answer that question. A. Mr. Saunders, it was about the time the contract was drawn that I found it out. You told me, at the time you said you would make the trade, to go make the contract,—to draw it that way. I would like to say this thing occurred three years ago, and I had no idea of having any trouble in the matter. We had the property on our books in your name. My recollection is that I did not know until I was informed by Mr. Saunders, when we got ready to make the contract. Q. Is it not true that, when I told you about these properties, that I told you my wife had the equity in the Long Branch property, and in the lots in Verona, and that she and I wanted to come to New York, and exchange them for a flat? A. I recollect something of that conversation, but I cannot recollect it exactly. It is so long ago. Q. Is that the fact or not? A. Not to my knowledge. Q. You won't deny positively that it is the fact? A. No, not positively."

There can be no doubt that plaintiffs were aware of defendant's agency before the contract of exchange or sale, between Mrs. Saunders and Mrs. Boschen, by their attorneys, was executed or even drawn up; but we are of opinion that there is some evidence tending to show that plaintiffs did not know of defendant's agency until after they had undertaken the employment of finding a purchaser, and had brought the transaction, practically, to a close. The subsequent disclosure of the principal came too late, for a person, contracting as agent, will be personally responsible, where, at the time of making the contract, he does not disclose the fact of his agency, but treats with the other party as being himself the principal; for in such case it follows, irresistibly, that credit is given to him on account of the contract. He must disclose the fact that he is acting only as agent, in order that the other party may determine whether he will accept the responsibility of the principal in the transaction. See Ashner v. Abenheim, 19 Misc. Rep. 288, 43 N. Y. Supp. 69; Story, Ag. § 266. As we have said, it is not for the appellate term, on an appeal from the city court, to weigh the evidence if conflicting; and, since there is some evidence to sustain the finding of the jury, their verdict will not be disturbed on appeal.

For the reasons above stated, the judgment appealed from should be affirmed, with costs. All concur.