GERLOFF v. CARLETON et al.

(Supreme Court, Appellate Term. February 24, 1910.)

1. BROKERS (§ 86*)—ACTION FOR COMMISSIONS—AGENCY OF DEFENDANTS—EVIDENCE.

In an action by a broker for commissions, evidence *held* to show that defendants were acting as agents for a disclosed principal, to the knowledge of plaintiff.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 86.*]

2. PRINCIPAL AND AGENT (§ 136*)—DISCLOSED AGENCY—RESPONSIBILITY OF AGENT.

Where agency is disclosed, the agent will not be held personally responsible, unless there is clear and explicit evidence of an intention to substitute or superadd his personal liability for or to that of the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 476–491; Dec. Dig. § 136.*]

Appeal from City Court of New York, Trial Term.

Action by Theodore Gerloff against I. Osgood Carleton and another. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Baker & Peabody (Albert E. Seibert, John S. Montgomery, and James Cochran, of counsel), for appellants.

John Jerome Rooney (Walter M. Effross, of counsel), for respondent.

GUY, J. Appeal by defendants from a judgment of the City Court of the City of New York, entered in favor of the plaintiff, after a trial before the court and a jury, and also from an order denying defendants' motion for a new trial. The plaintiff, a broker in hides and skins at Boston, seeks to recover commissions.

The question involved is whether or not the plaintiff, in dealing with the defendants, knew that the defendants were acting for a disclosed principal. The plaintiff's testimony upon this point is not satisfactory. He testifies that there was some conversation between himself and the defendants on the subject of commissions, but is not exact or definite

as to when such conversations took place, or as to what statements were made at the time. The defendants, on the contrary, deny that they at any time undertook to guarantee to the plaintiff the payment of his commissions, and in fact the whole course of dealing, as shown by the letters and bills put in evidence, discloses that the defendants were acting as agents for a disclosed principal in each transaction, to the knowledge of the plaintiff. There are also in evidence bills rendered by the plaintiff to defendants, which designate the defendants as agents for the disclosed principals.

When agency is disclosed, the agent will not be held personally responsible, unless there is clear and explicit evidence of an intention to substitute or superadd his personal liability for or to that of the principal. Hall v. Lauderdale, 46 N. Y. 70; Jones v. Gould, No. 2, 123 App. Div. 236, 108 N. Y. Supp. 31. In addition, there is testimony of the general custom of the business, testified to by a broker engaged in this trade for 29 years, supporting defendants' contention. The verdict was clearly against the weight of evidence, and should have been set aside.

Judgment reversed, and new trial ordered, with costs to appellants. to abide the event. All concur.