### J. & E. HOMAN CO. v. PAYNE.

(Supreme Court, Appellate Term.  February 9, 1911.)

CONTRACTS (§ 179*)—LIABILITY OF AGENT—ACTS WITHIN AUTHORITY.

Under the rule that an agent, acting within the scope of his authority with a party advised of his agency, is not personally liable, unless a contrary intention appears, one is not personally liable on a contract, in terms between two corporations and treated as such, though it is signed on behalf of one of them, by its treasurer, in her individual name only.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 777, 778; Dec. Dig. § 179.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the J. & E. Homan Company against Ellen D. Payne. From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Marsh, Wever & Wemple (Charles Capron Marsh, of counsel), for appellant.

Frederick W. Block (Joseph Joffe, of counsel), for respondent.

HENDRICK, J.  This action is brought to recover a balance due on the purchase price ($350) of a gas engine sold upon a written contract, and for services and materials (amounting to $48.10) required in removing the engine from one building to another.  Plaintiff seeks to hold defendant personally liable.  The defendant claims that the contract was made by her as an officer of defendant corporation, of which she is treasurer and secretary.  The agreement by which plaintiff seeks to recover from defendant recites:

"J. & E. Homan Company * * * hereby agrees to sell and deliver to Payne Manufacturing Company, 100 Lawrence street, Brooklyn, one fifteen horse-power Star gas engine, * * * which said Payne Manufacturing Company agrees to purchase and pay therefor the sum of $350 in the following manner: $50 when the engine is started; the balance in monthly notes of $25 each until paid for in cash, notes to bear interest. * * * *"

Then follow the ordinary conditions usually contained in a conditional bill of sale, viz., that purchaser will not remove said property without the written consent of the vendor; that title shall remain in the vendor until the purchase price is paid in full; that, if any installment agreed to be paid or any promissory note shall not be paid when due, the whole of the purchase price or balance remaining unpaid shall at once become due; that upon default by the purchaser in the performance of any of the conditions the vendor shall have the right to remove the property.  The agreement is dated March 1, 1910, and signed, "E. D. Payne" and "J. & E. Homan Co., per Nielson."  On the back thereof is indorsed:

"Payne Mfg. Co., 100 Lawrence Ave., Brooklyn, N. Y., vendee, with J. & E. Homan Company, vendor.  Contract for conditional sale of chattel property."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It appears from undisputed evidence that the Payne Manufacturing Company is a domestic corporation existing at the time the agreement was entered into; that the notes provided for in the agreement were signed by E. D. Payne and read in part, "months after date *we* promise to pay;" that the account of the transaction and of other previous transactions on the ledger book of plaintiff is in the name of Payne Manufacturing Company; that the statement of account rendered by plaintiff for services and material· furnished in moving the engine was rendered to Payne Manufacturing Company; that the president of the plaintiff company knew that business was conducted under the name of Payne Manufacturing Company, and had sold engines prior to the date of this transaction to said Payne Manufacturing Company. A contract concerning a previous transaction, produced at the trial by the president of plaintiff company, appears to have been signed: "E. D. Payne, Treasurer of the Payne Manufacturing Company." It also appears that defendant told plaintiff's representative, Nielson, that the Payne Manufacturing Company was a corporation.

In general, when a person is known to be acting and contracting merely as the agent of another, his acts and contracts, if he possess authority for the purpose, will be deemed the acts and contracts of the principal only, and will involve no personal liability on his part, unless it appears from other circumstances that he has expressly or impliedly incurred or intended to incur personal responsibility. Story's Agency, p. 306. In Hall v. Lauderdale, 46 N. Y. 70, the general rule is stated to be:

"That an agent, acting within the scope of his authority with a party advised of his agency, will not be personally charged, unless it appears that such was his intention."

And the rule is again stated in Bonynge v. Field, 81 N. Y. 159:

"The rule is well established that when a person contracts as the agent of another, and the fact of this agency is known to the person with whom he contracts, the principal alone, and not the agent, is responsible."

Again, in Jones v. Gould, 123 App. Div., at page 239, 108 N. Y. Supp. 31, the rule of Hall v. Lauderdale, supra, is approved. The uncontradicted evidence brings this case clearly within these rules, and the complaint should have been dismissed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.