Geneva Erb, Respondent, *v.* Banco Di Napoli, Appellant.

Supreme Court, Appellate Term, First Department, October Term — Filed
November, 1923.

**Banks and banking — collection of interest on foreign bonds — when
owner of lost coupons cannot maintain action against bank acting as
agent — section 333 of Civil Practice Act not applicable.**

Where a bank was empowered to pay the interest on bonds of the Kingdom of
Italy upon presentation and surrender of the interest coupons, but not otherwise,
the owner of lost interest coupons cannot maintain an action against the bank for
interest even though she offers to furnish an indemnity bond.

The provisions of section 333 of the Civil Practice Act permitting recovery in
cases of lost negotiable instruments, do not apply to such a situation.

Appeal by defendant from a judgment of the Municipal Court,
borough of Manhattan, ninth district, in favor of the plaintiff,
after trial by the court.

*S. A. Cotilla,* for appellant.

*Burlingham, Veeder, Masten & Fearey (J. C. Erb,* of counsel), for
respondent.

Mullan, J.   The plaintiff owned coupons entitling her to interest
on bonds of the Kingdom of Italy.   She lost them.   The coupons
were payable at the business place of the defendant bank, in the
city of New York.   The defendant had in its possession moneys of
the Kingdom of Italy, deposited with the defendant for the purpose
of paying the interest represented by these coupons.   It is, however,
expressly and formally conceded that the defendant was empowered
" to pay these coupons   *   *   *   on their presentation, and sur-
render to it (defendant), but not otherwise.   Defendant is without
authority from the Kingdom of Italy to part with said funds for
or on account of such interest coupons, except on their presentation
and surrender."

The plaintiff made adequate proof of the loss of the coupons, and
offered to furnish a suitable indemnity bond.

We deem it unnecessary to consider whether, if it were not for
the limitation of authority in the bank in respect of presentation and
surrender of the coupons, the plaintiff would have an action against
the defendant.   That limitation definitely confined the defendant's
power, and the defendant would have breached its agency agree-
ment had it paid to the plaintiff the interest called for by her lost
coupons.   The learned trial justice was of the opinion that the
provisions of section 333 of the Civil Practice Act permitting recov-
ery in cases of lost negotiable instruments, were applicable to the
situation.   I think that in so holding he fell into error.   Whether

or not it would be applicable in a suit against the Kingdom of Italy, it seems to me to be plain that the statute referred to cannot be availed of to change the relationship between plaintiff and defendant, and create a right in plaintiff, growing out of that relationship, greater than that fixed by the very agency agreement that alone gives plaintiff any right of action, if there be such, against defendant.

Judgment reversed, with thirty dollars costs, and complaint dismissed upon the merits, with costs.

BIJUR, J., concurs; GUY, J., dissents.

Judgment accordingly.