GENEVA ERB, Appellant, *v.* BANCO DI NAPOLI, Respondent.

First Department, May 29, 1925.

**Bonds — action to recover on three interest-bearing coupons from bonds of Italian government — Italian government furnished defendant money to pay coupons — plaintiff lost coupons — coupons are negotiable — action may be maintained against defendant under Civil Practice Act, § 333, on giving bond of indemnity.**

A holder of Italian government bonds may maintain an action to recover the amount of lost interest-bearing coupons from the bank with whom the Italian government has deposited money for the purpose of paying the coupons, for the Italian government was under an obligation to the plaintiff to pay the coupons, and when the defendant received money from the Italian government

under an agreement to pay the same to the plaintiff, the latter had a direct claim against the defendant and can sue therefor.

The coupons are negotiable instruments for the payment of money, and though the plaintiff had lost them she can maintain an action under section 333 of the Civil Practice Act, on giving a bond of indemnity.

MERRELL, J., dissents.

APPEAL by the plaintiff, Geneva Erb, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 15th day of November, 1923, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the plaintiff, and dismissing the complaint upon the merits.

*Burlingham, Veeder, Masten & Fearey* [*J. Bradford Erb* of counsel], for the appellant.

*Ralph Atkins*, for the respondent.

FINCH, J.:

The plaintiff was the owner of three bonds of the Italian government with interest-bearing coupons, which latter the Italian government had promised to pay at the office of the defendant bank, and furnished to the defendant funds with which to pay them on their presentation and surrender. The plaintiff lost three coupons amounting to ninety-seven dollars and fifty cents. She presented to the defendant an affidavit to that effect and offered to give to the defendant a bond of indemnity against loss, in order to obtain payment of the coupons, which she requested. The bank took the position that they were without authority to pay the same without their actual surrender, and that in case of total loss or destruction the plaintiff was without remedy. The plaintiff, therefore, brought this action and recovered judgment upon the theory that the defendant was liable as for money had and received for the use of the plaintiff. The Appellate Term held that the action did not lie against the defendant, since the latter was merely the agent of the Italian government and was without authority to pay the coupons except in accordance with its instructions, namely, upon surrender of the coupons. (121 Misc. 668.) In so holding there was error.

When the Italian government set apart a specific fund for the payment of its debts to the plaintiff and delivered title to that fund to the defendant upon its agreement to pay said debts, there was established a direct privity between the plaintiff and defendant entitling the plaintiff to maintain an action at law for money had and received.

The broad principle was stated in *Ross* v. *Curtis* (30 Barb. 238; affd., 31 N. Y. 606), as follows: " The principle is elementary that where one person receives money for another, and the law makes it the duty of the person thus receiving it to pay it to the person for whom or for whose use it is thus received, a promise to pay it in accordance with the duty is always presumed, and a privity established as matter of law, between the parties."

In the case cited above it was held that where money is directed by a statute to be paid by a county treasurer to the supervisor of a particular town, whose duty it is to apply the money thus received in payment of certain bonds issued by the town, such supervisor after receiving the money holds it as a trustee or depositary for the bondholders, and is liable to them in an action for money had and received. While in that case there was a duty to pay created by statute, in the case at bar the duty arises from the obligation of the Italian government to the plaintiff, and when the defendant received money from the Italian government under an agreement to pay the same to the plaintiff, the latter had a direct claim against the defendant and could sue therefor. (*Lawrence* v. *Fox*, 20 N. Y. 268.)

The plaintiff, therefore, may maintain this action against the defendant, and the coupon is a negotiable instrument or promissory note for the payment of money. (See Neg. Inst. Law, §§ 20, 320.) Section 333 of the Civil Practice Act provides that where, upon the trial of an action, it appears that a negotiable instrument or promissory note upon which the action is founded was lost while it belonged to the party claiming the amount due thereon, he may prove the contents by secondary evidence and may recover as if the instrument were produced, upon giving a bond of indemnity. The plaintiff, therefore, is entitled to a judgment for the value of the coupons upon giving a bond of indemnity as required by the Municipal Court.

It follows that the determination of the Appellate Term should be reversed, with costs, and the judgment of the Municipal Court affirmed, with costs.

CLARKE, P. J., MARTIN and BURR, JJ., concur; MERRELL, J., dissents and votes for affirmance of the said determination.

Determination appealed from reversed and judgment of the Municipal Court affirmed, with costs to the appellant in this court and in the Appellate Term.