FELIX KESKAL et al., Respondents, *v.* ROMAN L. MODRAKOWSKI, Appellant.

(Submitted October 26, 1928; decided November 27, 1928.)

*H. Louis Jacobson* and *Maurice D. Isenbergh* for appellant. As plaintiffs failed to establish any fraud, and no amendment of the complaint having been asked or ordered, the trial court did not err in dismissing the complaint. (*Wright* v. *Delafield*, 25 N. Y. 266; *McNeil* v. *Cobb*, 186 App. Div. 177; *Brightson* v. *Claflin*, 180 N. Y. 81; *Wolrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 225; *Pryor* v. *Foster*, 130 N. Y. 171; *Kountze* v. *Kennedy*, 147 N. Y. 124; *Achs* v. *Woods*, 221 N. Y. 335; *Morris* v. *Talcott*, 96 N. Y. 100.)

*Donald S. Taylor* for respondents. The trial court erred in dismissing the plaintiffs' complaint upon the merits. (*Lennan* v. *Hamburg-American Steamship Co.*, 73 App. Div. 357; *McDonald* v. *Metropolitan Street Ry. Co.*, 167 N. Y. 66; *Lawrence* v. *Wilson*, 64 App. Div. 562; *Rakowitz* v. *Berheimer & S. B. Co.*, 148 N. Y. Supp. 258; *Maxwell* v. *Peters Co.*, 219 N. Y. 597; *Ducas* v. *Loonen*, 158 App. Div. 915; *Rothchild* v. *Harris*, 125 N. Y. Supp. 41; *Lalor* v. *New York*, 208 N. Y. 431; *Kraus* v. *Birnbaum*, 200 N. Y. 130; *Nicolls* v. *Lyons*, 144 N. Y. Supp. 19; *Heine* v. *Lange*, 161 N. Y. Supp. 287; *Ross* v. *Terry*, 63 N. Y. 613; *Conaughty* v. *Nichols*, 42 N. Y. 83; *Ledwich* v. *McKim*, 53 N. Y. 308.)

*Per Curiam.* The testimony is too vague to justify a finding of a promise by the defendant personally to restore the bonds or their value if the plaintiffs became dissatisfied with their subscription to the shares. The promise as the plaintiffs count upon it in their complaint was coupled with one to release them, in case of dissatisfaction, from the obligation to make further payments under their contract of subscription. Certainly that part of the agreement must have been understood to bind

the corporation and not the defendant personally. There is no adequate basis for a holding that one branch of the agreement was representative, and another branch personal. The bonds when received by the defendant belonged to the corporation, not to him. By fair implication, the duty to make restitution, if the subscription was thereafter canceled, would rest upon the owner, unless assumed by some one else with reasonable clarity (*Hall* v. *Lauderdale*, 46 N. Y. 70, 74; *Ferris* v. *Kilmer*, 48 N. Y. 300; *Whitney* v. *Wyman*, 101 U. S. 392; 1 Williston, Contracts, § 281; 2 Mechem, Agency, § 1422). "When the agency is disclosed, and the contract relates to the matter of the agency, and is within the authority conferred, the agent will not be personally bound, unless upon clear and explicit evidence, of an intention to substitute, or to superadd his personal liability for, or to, that of the principal" (*Hall* v. *Lauderdale*, *supra*). The statement by the plaintiffs in response to leading questions that " he " (meaning the defendant) promised to return the bonds is of little, if any; significance when the setting of the occasion shows that he was acting in a representative capacity, and when other statements by the same witnesses put the promise in a form that bespeaks a corporate engagement.

If the theory of the plaintiffs' action were fraud instead of contract, the defendant on proof of the fraud might be subject to a duty, equally with the corporation, to make restitution to subscribers (*Mack* v. *Latta*, 178 N. Y. 525). The complaint is equivocal. The plaintiffs do not contend, however, that fraud has been proved, and stand upon their complaint as one for the repudiation of a contract.

The order of the Appellate Division should be reversed, and the judgment of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.