Louis T. Singer, Appellant, v. The First National Bank of Toms River, as Trustee of Christ Church in Toms River, New Jersey, Respondent.— Appeal from an order granting defendant's motion for summary judgment and the judgment entered thereon; and from another order granting reargument but adhering to the determination made on the original motion. Orders reversed on the law, with ten dollars costs and disbursements, the motion for summary judgment denied and the summary judgment vacated. The action was in the nature of specific performance of a contract for the sale of real property. An agreement of sale was made in letters upon which the terms of the sale were stated. There was to be a formal agreement in writing. One was prepared and signed by the defendant, but not signed by the plaintiff, and not delivered. This, it appears, contained some oral modifications of the original contract. Matters were then held in abeyance before closing for the reason that a tenant was claiming rights in the premises. It is claimed by the defendant that the plaintiff thereupon abandoned the contract, but this is denied. On the part of the plaintiff, it is claimed that possession and dominion over the property were given to him under the terms of the original contract. This is denied by the defendant. We think there are issues of fact to be tried. We cannot from this record determine whether or not the parties reached a definite agreement of sale. (See *Weintraub* v. *Kruse*, 234 N. Y. 575; *Wertheimer* v. *Boehm*, 241 id. 575; *Ansorge* v. *Kane*, 244 id. 395; *Kingsbridge Imp. Co.* v. *American E. P. Nat. Bank*, 249 id. 97.) Lazansky, P. J., Carswell, Davis and Johnston, JJ., concur; Hagarty, J., dissents and votes to affirm.

Suburban Abstract Corporation, Respondent, v. Pierre A. Bernard, Appellant.— In an action to recover for services in examining and reading titles to real property, judgment in plaintiff's favor reversed on the law, with costs, and complaint dismissed, with costs, on the ground that the evidence discloses that defendant acted only as agent, and does not disclose that defendant intended to substitute, or to superadd his personal liability for, or to, that of the principal. (*Hall* v. *Lauderdale*, 46 N. Y. 70, 74.) Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

Town of Mamaroneck, Appellant, v. Leewood Shaw, Respondent; D. W. Griffith, Inc., Defendant. (Action No. 1.) Town of Mamaroneck, Appellant, v. Leewood Shaw, Respondent; D. W. Griffith, Inc., Defendant. (Action No. 2.) — Orders staying proceedings for the sale of the premises directed to be sold in the above-entitled actions under the judgment of foreclosure and sale until the 21st day of May, 1936, affirmed, with ten dollars costs and disbursements. No further stays will be granted. Hagarty, Davis and Johnston, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote to reverse and to deny the motions.