■ RKO-STANLEY WARNER THEATRES, INC., Appellant, v PLAZA PICTURES et al., Defendants, and SIG SHORE et al., Respondents.—Judgment, Supreme Court, New York County, entered February 18, 1976, dismissing the complaint against defendant-respondent Sig Shore at the completion of plaintiff's case, unanimously affirmed, with $60 costs and disbursements to respondent Shore. Shore signed a letter-agreement providing for a $100,000 refundable advance by plaintiff and addressed to: "Mr. Sig Shore, Plaza Pictures, Plaza International Corp."; the acknowledgment and consent contained two lines: "Plaza Pictures, Plaza International Corp.", a space and a signature line under which was typed the name "Sig Shore." Shore signed on the line. Included with the agreement was a check for $35,000 drawn on plaintiff's account and payable to Plaza Pictures, Plaza International Corp. A later check for $22,500 was made payable to Plaza Pictures. The remainder of the $100,000 was paid to a third party at Shore's written request made on Plaza Pictures' letterhead. The factual question is whether Shore is personally liable on the agreement. However, before reaching that issue, the procedural history of this case warrants discussion. The complaint was brought against Plaza Pictures, Plaza International Corp., Shore, and Louis Steissel. By order, dated September 7, 1972, plaintiff's motion for summary judgment was granted against all defendants except Steissel, and the action was severed and continued as to Steissel. Only Shore appealed. This court unanimously reversed (41 AD2d 730) the order insofar as it granted summary judgment against Shore, holding the letter-agreement inconclusive on the issue of the capacity in which Shore signed it, and remitting the case for trial. No mention was made of the severance contained in the September 7, 1972 order. Before trial, the parties noted that this court failed to direct a severance of the action to separate Shore from Plaza Pictures and Plaza International Corp. Consequently, plaintiff and Shore stipulated that the action be severed and continued against Shore. Steissel did not participate in the negotiations. The stipulation formed the basis for an order dated April 3, 1975 "that this action be severed and continued against Defendant Sig Shore." The trial court construed the stipulation and order as continu-

ing the action against Shore alone and held that Steissel was no longer a party. Plaintiff contends on appeal that this holding was incorrect and prejudicial, and that, in any event, plaintiff established a prima facie case. We disagree on all points. The order of April 3, 1975 severed and continued the action as to Shore. Even if we construe the order of April 3, 1975 as retaining Steissel as a party, plaintiff was not prejudiced by the trial court's ruling. When there is a disclosed principal, and the agent acts within his agency, the agent will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or add his personal liability for or to that of his principal *(Mencher v Weiss,* 306 NY 1, 4; *Keskal v Modrakowski,* 249 NY 406, 408). The presumption is that the agent intends to bind the principal and not himself *(Hall v Lauderdale,* 46 NY 70, 74). Plaintiff failed to present a prima facie case to overcome the presumption against Shore's liability despite ample opportunity to present all its evidence. Even though plaintiff was denied the opportunity to read in court Steissel's deposition because Steissel was not considered to be a party (CPLR 3117, subd [a], par 2), Steissel was in court during the trial. Plaintiff could have called him to the stand and used the deposition as a guide to elicit the information the deposition contained. Further, plaintiff made no offer of proof reviewable on appeal. For this court to appreciate the claimed materiality of Steissel's testimony, an offer of proof was necessary. Concur—Murphy, J. P., Lupiano, Silverman, Nunez and Lynch, JJ.