■ SYLVIA LINK, Appellant, v MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY, Respondent.—In an action to recover life insurance proceeds, the plaintiff, as beneficiary, appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated October 15, 1987, which (1) granted the defendant's motion for summary judgment dismissing the complaint and (2) denied the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff, the widow of Sol Link, brought this action in order to recover life insurance proceeds under a policy issued by the defendant insurance company (hereinafter insurance company) and held by the Circle Business Machines Corp. Pension Trust (hereinafter pension trust). Sol Link and Solomon Friedman were the sole trustees of the pension trust, which was created by Circle Business Machines Corp. Link and Friedman each owned 50% of the shares of Circle Business Machines Corp. In 1981, the pension trust obtained life insurance policies on the lives of the two men.

After their retirement from the employ of Circle Business Machines Corp., Link and Friedman decided that the pension trust should redeem the life insurance policies for their cash surrender values. They obtained the necessary form with which to exercise the cash surrender option and having completed the proper items, each man signed the form relating to the policy on his life at the bottom, on the line designated for the owner's signature. However, upon executing the form applicable to his policy, Link failed to indicate thereon that he was signing as a trustee of the pension trust, the policy owner. The surrender form and the policy being surrendered were then forwarded to the insurance company, which received them on November 5, 1984. The following day, Link died. After the insurance company received the form it altered the form by adding the word "Trustee" under Link's signature.

The plaintiff subsequently applied to the insurance company for the death benefits payable under the policy covering Link's life. The insurance company refused to pay any death benefits. It is the insurance company's contention that the policy had been surrendered and that the only moneys it owed thereunder were those tendered to the owner in payment of the cash surrender value. The plaintiff argues that Link's execution of the surrender form was improper and that the attempted

surrender of Link's life insurance policy was ineffective. Additionally, the plaintiff contends that the defendant's insertion of the word "Trustee" under Link's signature constituted a material alteration voiding the surrender form and further that it was acknowledged by the insurance company that the executed form was defective without such insertion. Accordingly, the plaintiff maintains that the policy was in full force and effect at the time Link died and that she should be paid the death benefits as the named beneficiary.

Insofar as Link was duly empowered to sign the surrender form on behalf of the pension trust and the actions taken by him evidence a clear intent to effect a valid surrender of the policy on its behalf *(see, RKO-Stanley Warner Theatres v Plaza Pictures,* 54 AD2d 623, 624), it is clear that there was a valid surrender of the policy. Consequently, since the plaintiff's rights had already passed to the insurance company by the execution and delivery to it of the surrender form, the subsequent alteration of the instrument by the company did not affect such rights or void the form (3 NY Jur 2d, Alteration of Instrument, § 22, at 500).

Having reviewed the plaintiff's remaining contentions we find them to be without merit. Mollen, P. J., Mangano, Rubin and Kooper, JJ., concur.