■ MANINDER BHUGRA, Respondent, v MASSACHUSETTS CASUALTY INSURANCE COMPANY et al., Defendants, and DISABILITY MANAGEMENT SERVICES, Appellant. [914 NYS2d 627]—

Order, Supreme Court, New York County (Debra A. James, J.), entered October 17, 2008, which to the extent appealed from as limited by the brief, denied defendant Disability Management Services's (DMS) motion to dismiss the first cause of action as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against DMS.

The complaint alleges that DMS is a corporation that administers disability insurance claims on behalf of insurers, including defendant Centre Life Insurance Company (CLIC), which issued a disability policy to plaintiff. The first cause of action alleges that this policy constitutes a contract, that plaintiff sustained a total disability within the meaning of the policy, and that DMS breached the policy by failing to pay the benefits

owed to her. However, there is no allegation in the complaint that plaintiff ever entered into a contract with DMS, and there is no showing that DMS, as CLIC's agent, intended to be personally bound by the policy issued to plaintiff by CLIC (*see Hall .v Lauderdale*, 46 NY 70, 74 [1871] [agent of a disclosed principal will be personally bound by a contract only upon "clear and explicit evidence" of an intent to be so bound]). Thus, the complaint fails to state a cause of action for breach of contract against DMS. Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Acosta and Román, JJ.