## MIDDLEWORTH v. BLACKWELL et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1903.)

**1. VENDOR AND PURCHASER—PAYMENT TO ATTORNEYS—RECOVERY.**

Plaintiff contracted to purchase real estate from L. by an agreement requiring him to pay $500 at the time of its execution. Plaintiff's attorney paid such sum to defendants, who were L.'s attorneys. Thereafter L. refused to complete the contract. *Held*, that the amount was paid to defendants in their representative capacity only, and they were not liable to plaintiff for the return thereof.

**2. SAME—JUDGMENT—CONCLUSIVENESS.**

Where, in an action for breach of a vendor's contract for the sale of land, the court, at the instance of the vendor's attorney, charged that plaintiff was not entitled to recover earnest money paid, in that action, a judgment for plaintiff therein did not preclude the maintenance of a subsequent action against the vendor for the recovery of such earnest money.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Henry B. Middleworth against Frank E. Blackwell and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

William H. Cochran, for appellant.

Frank B. Blackwell, for respondents.

WILLARD BARTLETT, J. In 1901 the plaintiff entered into a contract with Woodbury Lowery by which the plaintiff agreed to purchase certain real estate from Lowery for $11,500, of which sum $500 was to be paid upon the execution of the contract. The defendants, a firm of attorneys doing business under the name of Blackwell Bros., represented Lowery in the transaction, and the $500 was actually paid by Mr. Francis G. Moore, an attorney representing the plaintiff, to Mr. George E. Blackwell, one of the defendants, as the agent and representative of Lowery. Subsequently Lowery refused to convey the property in accordance with the terms of the agreement, and the plaintiff sued him in the Supreme Court of this state, and recovered $2,750 damages for his failure to fulfill the contract. In the complaint in the Supreme Court action the plaintiff alleged that at the time of the execution of the agreement he paid Lowery $500 on account of the purchase price of the premises. Upon the trial of that action, however, the learned judge who presided charged the jury that the plaintiff could not recover this $500 paid on the contract in that suit. This instruction was given at the request of Mr. Frank E. Blackwell, one of the defendants in the present case, who represented Lowery on that trial.

In this action the plaintiff seeks to recover the $500, not from Lowery, but from Blackwell Bros., who received the money in Lowery's behalf. I think the Municipal Court was right in holding that he had not made out a cause of action against these attorneys. They received the money solely as the agents of Lowery. The payment to them was a payment to him, and must have been so intended by

the plaintiff, for otherwise he would not have fulfilled the stipulation of the contract which required and declared that payment to be made at the time of the execution of the agreement. Upon the receipt of the money by Blackwell Bros. it became the property of Lowery, and whatever claim, if any, the plaintiff now has to a repayment thereof, is against Lowery, and not against his attorneys.

It follows that the judgment of the Municipal Court should be affirmed. It is proper to add, however, in view of the possibility that the plaintiff may hereafter sue Lowery to recover this amount, that we do not agree with the defendants in regard to the effect which they attribute to the judgment in the Supreme Court action between Middleworth and Lowery. They argue that the $500 was plainly included in the damages awarded against Lowery in that suit. It seems to us that this position is untenable, inasmuch as the jury were expressly told, at the instance of one of the defendants herein, then acting as counsel for Lowery, that this sum of $500 was not recoverable in that action.

Judgment of the Municipal Court affirmed, with costs. All concur.