## ANDERSON v. ENGLISH.

(Supreme Court, Appellate Division, First Department.   June 9, 1905.)

1. PRINCIPAL AND AGENT—CONTRACTS BY AGENT—PERSONAL LIABILITY—CON-
    STRUCTION OF WRITINGS.
        A memorandum written on the letter heads of the state agency of an
    insurance company, addressed to plaintiff, and reciting that he is entitled
    to a continuous renewal commission as long as premiums are paid on all
    policies placed in the insurance company through the specified agency,
    and signed by the manager as such, does not of itself import or consti-
    tute a personal agreement upon the part of the manager to pay the speci-
    fied commissions.

2. SAME—EXTRINSIC EVIDENCE.
        Extrinsic evidence that policies were placed by plaintiff with the in-
    surance company both prior and subsequent to the date of the memoran-
    dum, and that the bills for commissions were rendered by plaintiff to
    the insurance company, recited an indebtedness of it, were paid by its
    cashier, and were receipted by plaintiff to the company, does not show
    that the memorandum was the manager's personal contract, but, rather,
    shows that it was made by him as agent for the company, notwithstand-
    ing further evidence that the manager repaid the company the commis-
    sions paid by it to plaintiff.

3. GUARANTIES—CONSTRUCTION OF INSTRUMENTS—RESPONSIBILITY FOR AN-
    OTHER'S DEBT.
        Nor can the memorandum be construed as an engagement upon the part
    of the manager to answer for the debt or default of the company.

4. CONTRACTS—CONSIDERATION—PAST TRANSACTIONS.
        The placing of insurance with an agent prior to the execution by him
    of a promise to pay renewal commissions on premiums paid does not con-
    stitute a sufficient consideration to support such promise.

5. SAME.
        A personal agreement by the manager of an insurance agency to pay
    renewal premiums on policies placed in the insurance company through
    the agency is without consideration, unless the manager receives a benefit
    from the insurance so placed with the agency.

Appeal from Trial Term, New York County.

Action by Charles W. Anderson against Emily M. English, as
executrix of George W. English, deceased.   From a judgment for
plaintiff, and from an order denying a new trial, defendant appeals.
Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, and IN-
GRAHAM, JJ.

William M. Bennett, for appellant.
Robert M. Boyd, Jr., for respondent.

HATCH, J.   The averment of the complaint is "that on or about
the 5th day of December, 1887, he [plaintiff] entered into an agree-
ment in writing with one George W. English, wherein and whereby
the said George W. English agreed to pay to said plaintiff a con-
tinuous renewal commission of five per cent., as long as the pre-
miums should be paid, on all policies placed by said plaintiff in the
Berkshire Insurance Company, of Pittsfield, Massachusetts, through
the agency of said company at New York."   The written agree-

ment proved upon the trial appeared upon a letter head of the Berkshire Life Insurance Company, the matter thereof reading as follows:

"New York and New Jersey State Agency.

"The Berkshire Life Insurance Co., of Massachusetts, 271 Broadway, New York City.

· "Geo. W. English, Manager.

"Memorandum.

"To C. W. Anderson, Esq., 189 Broadway, New York, N. Y.—Dear Sir: You are entitled to a continuous renewal commission of five per cent., as long as the premiums are paid, on all policies placed in the Berkshire Life Insurance Co., of Pittsfield, Mass., through this agency.

"Yours respectfully, .

"[Signed]                  Geo. W. English, Manager.

"New York, N. Y., Decbr. 5, 1887.

"This memorandum to be surrendered for another and more complete one, in 1888."

The court submitted to the jury the question as to whether the contract was a personal one for the payment of commissions by English, and instructed them that, if they found that it was his personal contract to pay the commissions, then the plaintiff was entitled to recover the sum of $1,239.20, which was the commission due, pursuant to the terms of the writing, upon $21,523.55. It was undisputed that English was the manager of the business conducted by the Berkshire Life Insurance Company in the city of New York.

The real point in issue is the construction of the written instrument. An examination of its provisions fails to disclose any promise upon the part of English to pay commissions to the plaintiff or to any one else for any purpose whatever. The writing is nothing more than a certificate by the manager of the insurance company that, so long as the premiums are paid upon policies placed in the Berkshire Life Insurance Company, Anderson was entitled to a continuous renewal commission of 5 per cent. Nothing in this language contains a promise upon the part of English to pay Anderson anything, and its plain construction would seem to be that it certified that Anderson was entitled to a commission for policies placed with the insurance company. The writing is silent as to who should pay the commissions. Clearly, English did not assume, from anything that appears upon the face of the paper, a personal obligation in connection with the business. The whole memorandum shows that what he did was as manager of the insurance company. Standing alone, the memorandum is too indefinite to constitute it a contract upon the part of English to pay commissions. The mere introduction of the instrument, therefore, was insufficient to create a liability against English. Woods Motor Vehicle Co. v. Brady, 181 N. Y. 145, 73 N. E. 674. It is doubtless true that the memorandum, as it is ambiguous in character, can be helped out by parol proof. Union Trust Co. of N. Y. v. Whiton, 97 N. Y. 172. The court so ruled in the present case. The evidence, however, offered in explanation of the instrument, instead of establishing a liability against English, proved directly the contrary. It was made to appear by the plaintiff that certain of the policies

were placed by him with the insurance company prior to the date of the memorandum, and that other policies were placed by him with the company after that time. The proof showed that the bills for commissions were rendered by the plaintiff to the insurance company, and, upon their face, recited an indebtedness of it. These bills were paid by the cashier of the insurance company, and were receipted by Anderson to the company. It appears, therefore, that not only were the policies of insurance written by the company, but the company recognized that it was business done for it, and also recognized a liability to the plaintiff for the premiums which accrued to him on account of such business as they accepted, and paid bills therefor to him. Both parties agree that, where a contract is ambiguous in character, the practical construction placed upon it by the parties furnishes the best means of determining what the parties meant by it. Fox v. Coggersall, 95 App. Div. 410, 88 N. Y. Supp. 676. The case as made by the plaintiff shows that no obligation was incurred by English in the execution of the written memorandum, as no promise to pay was made by him therein. The oral testimony in aid of the memorandum, instead of showing a personal liability on the part of English, shows that the plaintiff treated the insurance company as liable to him, and that the latter recognized its obligation to pay. Consequently there was no basis either in the written memorandum, or in the oral proof by which it was supplemented, which authorized the court to submit the question of English's liability to the jury, or the latter to find that any contract existed upon his part to pay.

It was testified to by the cashier of the insurance company that, subsequent to the payment of commissions by the company, English repaid him. But the case is destitute of proof to show any reason for such repayment, or that repayment was made by English to reimburse the company for any liability in that connection which it had incurred for English, or that the payment made by the company was for or on account of English in connection with such commissions, or for any other reason. Such evidence is clearly insufficient from which to find that any obligation was incurred by English to the plaintiff for the payment of the commissions. The written memorandum also shows that it was not the individual act of English. It appears upon paper containing the letter head of the insurance company. In terms, it is a certificate that Anderson is entitled to commissions. It is signed by English as manager, and was recognized by the insurance company as an obligation. Under such circumstances, as it was connected with the business of the company and in their interest, in the absence of other proof English must be regarded as having dealt with the plaintiff as manager for the insurance company, and not as a principal. Crandall v. Rollins, 83 App. Div. 618, 82 N. Y. Supp. 317; Morrill v. C. T. Cigar Mfg. Co., 32 Hun, 543; Green v. Skeel, 2 Hun, 485.

In addition to this, it is not shown that any consideration moved from the plaintiff to English for any promise to pay. As to the insurance which had been placed prior to the execution of the memorandum, if it had contained a promise it would furnish no consid-

eration therefor, as it was a past transaction, and could only be supported as a consideration by showing that English had been benefited by the consideration contained in the subsequent promise as to the other insurance. Farnsworth v. Clark, 44 Barb. 601. As, however, it was not shown that English received any benefit from insurance placed either prior or subsequent to the execution of the written memorandum, it was not made to appear that there was any consideration therefor, either as to prior or subsequent insurance. Bradt v. Krank, 164 N. Y. 515, 58 N. E. 657, 79 Am. St. Rep. 662.

In no view can the memorandum be construed as an engagement upon the part of English to answer for the debt or default of the insurance company or of another. Consequently, had the memorandum contained a promise to pay, it does not show upon its face any consideration therefor, and the oral proof fails to show either that English promised to pay commissions, or that he received any consideration moving to him from the act of the plaintiff in placing the insurance.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.