(121 App. Div. 485.)

### TITLE GUARANTEE & TRUST CO. v. LEVITT.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

PRINCIPAL AND AGENT—LIABILITY OF AGENT—DISCLOSED AGENCY.

 Defendant applied to plaintiff for a loan to another on the latter's property, and signed a third person's name to the application at the instance of plaintiff, though it knew that the third person had nothing to do with it; the application providing that the signer should pay for a search

of title. Plaintiff knew that defendant was acting in a representative capacity. *Held*, that defendant was not liable for searching the title for the loan.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent," §§ 579, 580.]

Appeal from Municipal Court of New York.

Action by the Title Guarantee & Trust Company against Abraham Levitt. From a judgment for plaintiff, defendant appeals. Reversed.

The action was to recover for services in searching a title for a loan. The defendant was a law student in the office of Reuben Stone, an attorney at law. He made application to the representative of the plaintiff for a loan to Gorshorn Freedman on the latter's real property. The said representative knew, as he testifies, that it was not Stone's matter, that he had nothing to do with it, but he nevertheless insisted that the defendant sign the application in Stone's name. He testifies that he did this because the defendant was a clerk in Stone's office. Such application contained an agreement that the signer of it, Stone, should pay for the making of the search. The defendant testifies that he told the plaintiff's representative that he was asking for the loan for a firm of attorneys whom he named, and the said representative acknowledged on the stand that that might be so; he would not deny it.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Henry Hetkin, for appellant.
Albert A. Hovell, for respondent.

GAYNOR, J. The evidence shows that the plaintiff knew that the defendant was acting in a representative capacity, and not for himself. Judgment seems to have been given against him because he signed Stone's name without authority, but he did this at the plaintiff's insistence, the latter knowing that Stone had nothing to do with the matter. Crandall v. Rollins, 83 App. Div. 618, 82 N. Y. Supp. 317.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.