COLLIER v. MYERS et al.

(Supreme Court, Appellate Term.    December 11, 1906.)

PRINCIPAL AND AGENT—CONTRACTS—LIABILITY OF AGENT.

A contract of employment entered into pursuant to an offer made by defendant to plaintiff, recited that it was entered into by a third person and plaintiff, and provided that the third person should deduct from the salary of plaintiff a commission for defendant, who signed his name to the contract. Plaintiff's representative knew that defendant was an agent only. *Held*, that defendant was not liable for breach of contract occasioned by plaintiff's discharge by one acting for the third person, he not being bound as principal because he signed his name to the contract, as the principal was disclosed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 478.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Louise Allen Collier against Bernard A. Myers and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Henry Frank, for appellants.

Isaac N. Jacobson, for respondent.

PER CURIAM. The plaintiff is an actress. Defendants are theatrical booking agents, and have been theatrical managers. They sent for W. P. Lewis, an actor, and offered an engagement for one week in Newark to plaintiff and her troupe at the rate of $200 per week. Lewis reported the offer to plaintiff, who told him to accept the same. He called again on defendants, and told them of plaintiff's acceptance. They drew up an agreement, part of which was a general printed form of theatrical employment, and part written in typewriting, to suit the individual case. The preamble of this agreement reads as follows:

"This agreement, made and entered into, on this 27th day of March, 1906, by and between Mr. J. Glickman, party of the first part, and Louise Allen Collier, party of the second part, witnesseth," etc.

The agreement also in the printed part provides that the party of the first part shall deduct from the salary of the party of the second part a 5 per cent. commission for Myers and Keller, the defendants. These two features of the agreement would seem to indicate that de-

fendants were acting as agents only, and that J. Glickman was the principal. The plaintiff, however, sued defendants, as principals, for a breach of the contract resulting from the discharge of plaintiff after the first performance. The justice allowed plaintiff $200 damages with interest and costs. Defendants appeal.

The agreement was signed, not by Glickman, but by defendants, with nothing to indicate that they signed in a representative capacity. The plaintiff's name was signed by said Lewis with the addition "per W. P. L." The plaintiff's contention is that defendants held themselves out as principals and not as agents. Plaintiff was discharged by one Schwartz, acting, as plaintiff's witnesses claim, for defendants and not for Glickman, whom plaintiff and her representative never saw. As we have seen, however, the preamble in the agreement names Glickman as party of the first part, and also a provision appears in the said agreement for the payment of a commission to defendants. Besides this Schwartz swears he acted for Glickman in discharging plaintiff. Furthermore plaintiff's representative, Lewis, admits he knew defendants were booking agents and were to receive a commission, as such agents. This seems inconsistent with the theory that they were theatrical managers, and acted as principals in the employment of plaintiff. The mere signing of their names to the contract which, as it appears from the contract itself, they made for another, does not make them principals, instead of agents. Nor can it be claimed that they acted as agents for an undisclosed principal, as the name of Glickman appears in the agreement itself. It seems to us that plaintiff has not made out a cause of action against these defendants, and the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.