The order of the Appellate Division should be affirmed.

Gray, Haight, Vann, Willard Bartlett, Hiscock and Collin, JJ., concur.

Order affirmed.

---

John S. Jones, Appellant, *v.* George J. Gould et al., Respondents.

**Pleading — principal and agent — allegations sufficient to impose personal liability upon agents of a known principal.**

The contracts of an authorized agent acting on behalf of a known principal do not impose a personal liability upon the agent. But an agent, though he be known to be such, may pledge his personal credit, for the party with whom he contracts may require it, and he himself may see fit to assume the obligation.

In an action against parties alleged to be agents, an allegation that defendants "promised and agreed to pay" is not to be limited as charging such an agreement on behalf of the principals only, but is to be construed as a personal agreement by the defendants.

Where parties have been sued on an obligation incurred jointly with other parties who should have been joined as defendants, the objection should be taken by demurrer or answer, or it will be deemed to be waived.

*Jones* v. *Gould*, 133 App. Div. 889, reversed. Reported below on former appeals, 123 App. Div. 236; 130 App. Div. 451.

(Argued October 19, 1910; decided November 15, 1910.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 20, 1909, affirming a final judgment in favor of defendants, entered upon an order of said Appellate Division which modified an order of Special Term denying a motion to dismiss the complaint on the pleadings and for leave to serve an amended complaint, and directed a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Haldane* and *David McClure* for appellant. The complaint states a cause of action against the defendants personally and individually. (*Taylor* v. *Davis*, 110 U. S. 330; *Keating* v. *Stevenson*, 21 App. Div. 604; *New* v. *Nichol*, 73 N. Y. 127; *Mygatt* v. *Wilcox*, 45 N. Y. 309; *Schmittler* v. *Simon*, 101 N. Y. 554; *Duval* v. *Craig*, 2 Wheat. 45.) The defendants are partners as between themselves in the enterprise in question. (*Meehan* v. *Valentine*, 145 U. S. 611; *King* v. *Barnes*, 109 N. Y. 267.)

*Appleton D. Palmer*, *Rush Taggart*, *Lawrence Grier* and *F. C. Nicodemus*, *Jr.*, for respondents.

CULLEN, Ch. J. The action was brought at law. The complaint set forth the execution of an agreement between the defendants and various other parties for the formation of a syndicate, to be known as "Little Kanawha Syndicate," for the purchase of an existing line of railroad and an extension thereof, and the acquisition and development of coal lands and coal mines, of the operations and activities of which the defendants were given the absolute management and control; that the defendants, pursuant to the power and authority vested in them as managers of the syndicate, requested the plaintiff to buy certain coal lands and pay the purchase price thereof, which purchase money, together with the incidental expenses of plaintiff in prospecting, examining and drilling said lands, the defendants promised and agreed to pay to the plaintiff; the purchase by the plaintiff, in pursuance of said request, of some 18,000 acres of land for $370,000, which amount the defendants promised and agreed to repay the plaintiff, with interest from the date of the purchase; and that the incidental expenses of the plaintiff amounted to the sum of $90,000. The relief demanded was a money judgment against the defendants for the sum mentioned. A copy of the blank form of syndicate agreement was annexed to the complaint, but while the complaint alleged that the agreement had been subscribed by various parties as well as by the defendants,

the names of none of such parties were given. The defendants answered separately. On the first trial of the action the plaintiff recovered a judgment which, on appeal, was reversed by the Appellate Division and a new trial granted (123 App. Div. 236). In the opinion rendered on that appeal the learned court below held that the complaint did not state a cause of action. On this opinion the defendants moved at Special Term, under section 547 of the Code of Civil Procedure, for judgment on the pleadings, which motion was granted, and from an affirmance of the judgment by the Appellate Division this appeal is brought.

The theory on which the respondents prevailed below is that the only charge stated in the complaint against the defendants is that acting as agents for a known principal they incurred the liability stated in the complaint. Of course, the contracts of an authorized agent acting on behalf of a known principal do not impose a personal liability upon the agent. But an agent, though he be known to be such, may pledge his personal credit, for the party with whom he contracts may require it, and he himself may see fit to assume the obligation. The allegation of the complaint in terms charges a personal agreement by the defendants. It is that said defendants " promised and agreed to pay." The learned judge who wrote for the court below, however, was of opinion that this allegation was to be construed in connection with the other allegations of the complaint, as intending to charge that the defendants, only on behalf of the syndicate, promised and agreed to pay. We think that the clear and unqualified allegation of defendants' promise to pay cannot be thus limited. In this view it must be said that the allegations of the formation of a syndicate and its various provisions were out of place in the complaint, although on the trial these matters might become material as part of the story of the transaction. But if we should accept the view taken by the Appellate Division, still the complaint sets forth a good cause of action. By the terms of the syndicate agreement it was provided that each subscriber thereto should be liable only to

the syndicate managers and then only to the amount of his subscription.   It was the intention of the agreement that the subscribers should incur no liability to third parties and if that intention be held effectual in law then the defendants were not authorized to pledge the responsibility or credit of the subscribers to any extent.   If, however, we assume that under the law the subscribers to the syndicate agreement became partners as to third parties, despite their agreement not to become such, as among themselves, then the defendants themselves, as parties to the syndicate agreement, were principals equally with the other subscribers.   That agreement recites, " and said George J. Gould, Joseph Ramsey, Jr., and Wm. E. Guy, and the Subscribers hereto wish to form a Syndicate," etc.   In this view of the case the respondents have been sued on an obligation incurred jointly with other parties who should have been joined as defendants.   The objection to such non-joinder should have been taken by demurrer or answer.   It has been raised by neither.   Hence, the objection has been waived, and the action may properly proceed against the present defendants alone.   (Code Civ. Pro. § 499.)   We see no theory on which the judgment below can be sustained.

The judgments of the Appellate Division and of the Special Term should be reversed, and new trial granted, with costs to appellant in all courts.

Gray, Haight, Vann and Chase, JJ., concur; Werner, J., dissents.

Judgments reversed, etc.