TITLE GUARANTEE & TRUST CO. v. SAGE et al.

(Supreme Court, Appellate Division, Second Department. October 6, 1911.)

PRINCIPAL AND AGENT (§ 136*)—CONTRACTS WITH THIRD PERSONS—LIABILITY OF AGENT.

    Where plaintiff knew that he dealt in searching a title with another as principal before defendant had any communication with him, and the subsequent communications disclosed that the defendant acted as agent of the disclosed principal, defendant, not assuming a personal liability, was not personally liable.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 476–491; Dec. Dig. § 136.*]

    Jenks, P. J., and Burr, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the Title Guarantee & Trust Company against William H. Sage and another. From a judgment for plaintiff against defendant Sage, he appeals. Reversed, and new trial ordered.

See, also, 129 N. Y. Supp. 1148.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

William H. Sage, pro se.

Harry W. McChesney, for respondent.

RICH, J.  The defendant Sage appeals from a judgment of the Municipal Court in an action to recover for services rendered by the plaintiff in searching title to premises owned by the defendant Amityville Terrace Realty Company.  Upon the trial it appeared that the defendant Amityville Terrace Realty Company applied to the defendant Sage, an attorney at law, to procure a loan, and to the plaintiff for a title policy on the property.  An application blank was filled out in the presence of the president of the Realty Company by plaintiff's representative, which states that the applicant is the Amityville Terrace Realty Company, address 315 Washington street, Brooklyn, and that the title is to be reported April 9th to W. H. Sage by lawyer's certificate.  On March 4th Sage wrote the following letter to plaintiff:

"Title Guarantee & Trust Co.—Dear Sirs: The Amityville Terrace Realty Co. have applied to me for a mortgage loan on their property of about 92 acres (1,113 lots) at Amityville, Long Island, and Mr. Marquart, the president, says that you are prepared to issue a title policy without exception. Would you kindly write me a note stating that this is so, and if you are to make any exceptions state what they are, and also what price the policy will be."

On the same day plaintiff addressed a letter to Sage, stating that the plaintiff was willing to guarantee the title against certain reservations contained in deeds submitted to it, to the lots designated in such letter.  On March 7th Sage wrote the company:

"Mr. Marquart, president of the Amityville Terrace Realty Co., has applied to me for a loan of $8,000 on about 1,100 lots, or 91 acres of land at Amityville.  Mr. Russell, of your Jamaica office, wrote me on March 4th with reference to the title.  I have arranged with the Realty Co. to close the matter in this office on March 28th at 2 p. m., and would thank you to have your report on title to me a few days before that time.  I understand from Mr. Marquart that the price is to be $222.50, of which the usual 25% will come to me.  I inclose a slip which he left me, which I presume you wish made out.  Will you answer confirming this?"

To which plaintiff replied that they had the title to be reported on March 25th by lawyer's certificate, so that the loan could be closed on March 28th.  It developed later that there were a number of defects in the title to which the attention of the plaintiff had not been called, and which were not covered by its "lawyer's certificate," and the proposed loan was not made.  Up to the time these defects were discovered, Sage represented the plaintiff as well as the person who was to make the loan, and at this time the plaintiff procured other counsel.  At the close of the testimony the trial court dismissed the complaint as against the defendant Realty Company, and rendered judgment against Sage for the full amount claimed.

The Realty Company was the principal in procuring plaintiff's services, and it is apparent that the plaintiff knew that it was dealing with that company as principal.  The application for the title policy had been made by the company, and accepted by the plaintiff, before Sage had any communication with the latter regarding the matter.  The correspondence between Sage and the plaintiff of itself advised the latter that Sage was acting in the interest of a person about to make a mortgage loan, and that the title policy was to be furnished to enable Sage to determine the title before the loan was made.  It seems

to me that the agreement under which plaintiff acted was made with the Realty Company direct, and the credit was given to that company. Furthermore it plainly appears that the plaintiff knew that Sage was acting as an agent and in a representative capacity only, and for this reason he was not liable. Title Guarantee & Trust Company v. Levitt, 121 App. Div. 485, 106 N. Y. Supp. 147; Argus Company v. Hotchkiss, 121 App. Div. 378, 107 N. Y. Supp. 138; Bonynge v. Field, 81 N. Y. 159; Middleworth v. Blackwell, 85 App. Div. 613, 82 N. Y. Supp. 704; Covell v. Hart, 14 Hun, 252. When the principal is known, the agent is not liable, unless he has assumed a personal liability in "clear and unmistakable language." Collier v. Myers, 52 Misc. Rep. 116, 101 N. Y. Supp. 659; Hall v. Lauderdale, 46 N. Y. 70; Anderson v. English, 105 App. Div. 400, 404, 94 N. Y. Supp. 200; Fisher v. Meeker, 118 App. Div. 452, 103 N. Y. Supp. 261; Jones v. Gould, 123 App. Div. 236, 239, 108 N. Y. Supp. 31.

The respondent's contention that Sage should have disclosed his principal is without weight, because the evidence establishes that plaintiff had this information.

The judgment of the Municipal Court must be reversed and a new trial ordered, costs to abide the event.

HIRSCHBERG and WOODWARD, JJ., concur. JENKS, P. J., and BURR, J., dissent.