EDWARD COYKENDALL, Plaintiff, *v.* THE CITY OF KINGSTON, PALMER CANFIELD, JR., as Mayor, et al., Defendants.

(Supreme Court, Ulster Trial Term, June, 1921.)

Injunctions — when dependent upon statute in force when relief awarded — statutes, construction of — grade crossings, elimination of — limitation of cost to city — Railroad Law, § 95-a, added by Laws of 1921, chap. 663 — General Municipal Law, § 51.

The rights of the plaintiff in a suit asking for injunctive relief, when dependent upon statute, are to be determined with reference to the statute in force at the time when the relief, if any, is to be awarded.

In a proceeding instituted in 1917, by the city of Kingston, N. Y., before the public service commission for the elimination of a grade crossing in said city, an order was made on April 1, 1920, which after directing that the cost of construction of sidewalks, etc., provided for, the cost of relocating or reconstructing sewers and water mains and the costs of and incidental to the acquisition of additional land or resulting from consequential damages, in excess of $125,000, should be borne solely by the city, recited that it, said order, was granted upon the distinct understanding that the cost of construction, acquisition of land, etc., was not to be construed as part of the elimination or be in any way chargeable to the elimination account or paid for out of funds appropriated by the legislature for the abolition of grade crossings, and that the city's acceptance of the order should be deemed an undertaking on its part to fulfill the obligations imposed upon it by said

order.    Immediately after the approval by the mayor of a resolution of the common council and before chapter 663 of the Laws of 1921 became a law, plaintiff, a qualified taxpayer of the city, commenced this action under section 51 of the General Municipal Law to enjoin the carrying out of the agreement imposed by the order of the public service commission and to annul said agreement and have it declared illegal in so far as thereby the city was required to pay more than twenty-five per cent of the expense of the elimination.    Chapter 663 of the Laws of 1921 became a law on May 7, 1921, and amended chapter 481 of the Laws of 1910 (Cons. Laws, chap. 49) by the insertion therein of section 95-a of the Railroad Law.    *Held,* that the well settled rule of construction that if there be any inconsistency between the older and later provisions of a statute, the earlier must give way, applied, and that under the statute of 1921, which was in effect when the decision herein was made, the costs of construction of the sidewalks, pavements, sewers and guard-rails and the cost of relocating or reconstructing existing sewer and water mains, and the costs of and incidental to the acquisition of additional land, or resulting from consequential damages, in excess of $125,000 which by the provisions of the order of the public service commission were to be borne solely by the city, are elements of the costs of eliminating said grade crossing to be added to the other expenses of the elimination, together with all contributions made by the steam surface lines including the thirty-one foot strip of land, but not including the expenses of the trolley lines set forth in said order; and that the city's share of said expense to be apportioned by the public service commission, shall in no event exceed fifty per cent of the entire expenses of such elimination.

An injunction granted restraining the defendants from paying more than fifty per cent of the expenses of the elimination of such grade crossing, such items of expense to be made up as indicated in this opinion.

Action for an injunction.

A. T. Clearwater, for plaintiff.

Wm. D. Brinnier, corporation counsel, for defendants

NICHOLS, J.   On or about February 13, 1917, the mayor and common council of the city of Kingston filed with the public service commission, second district, a petition based on the Railroad Law, alleging that the Broadway grade crossing in said city where the street Broadway crosses the tracks of the West Shore railroad and the Walkill Valley railroad is dangerous and asked for an elimination of said grade crossing.   Such proceedings were had by the public service commission that on the 1st day of April, 1920, the commission made an order that the Broadway grade crossing aforesaid be eliminated and that the street be carried under the said steam railroad lines.

The said order of the public service commission contained a clause (subd. 2), which provides:

" 2. That the cost of construction of sidewalks, pavements, sewers and guard-rails herein provided for, the cost of re-locating or reconstructing existing sewers and water mains, and the costs of and incidental to the acquisition of additional land or resulting from consequential damages hereafter determined or assessed which shall be in excess of $125,000, shall be borne solely by the City of Kingston."

Said order also contained the further clauses (subds. 4, 5), as follows:

" 4. That this order is granted upon the distinct understanding that the costs of construction, acquisition of land, etc., as enumerated in paragraphs 2 and 3 thereof, are not to be construed as part of the elimination, and are not to be in any way charged against the elimination account or paid for out of funds appropriated by the Legislature of the State of New York for the purpose of eliminating grade crossings.

" 5. That the acceptance of this order by the City

of Kingston shall be deemed an undertaking. on its part to fulfill the obligations imposed by clause 2 of this order."

On April 16, 1920, Alderman Charles A. Warren offered the following resolution which was adopted by the common council of the city of Kingston:

"*Resolved*, that the order made by the Public Service Commission, Second District, dated April 1st, 1920, providing for the elimination of the West Shore Railroad Grade Crossing at Broadway, be. and hereby is, in all respects, accepted."

This resolution was transmitted to the mayor April 7, 1920, and approved by him on that day. Thereupon the plaintiff, who is a qualified taxpayer of the city of Kingston assessed for more than $5,000, commenced this action under the provisions of section 51 of the General Municipal Law, to enjoin and restrain the defendants from carrying out the agreement imposed by clause 2 of said order of the public service commission and to annul said agreement, and demanding that said agreement, in so far as it requires the city of Kingston to pay more than 25% of the expense of said elimination, be declared illegal, etc.

At the time of the commencement of this action, subdivision 3 of section 94 of the Railroad Law, in so far as it applied to this action, read as follows:

" 3. Whenever a change is made as to an existing crossing or structure in accordance with the provisions of section ninety-one of this chapter, fifty per centum of the expense thereof shall be borne by the railroad corporation, twenty-five per centum by the municipal corporation and twenty-five per centum by the state."

By chapter 663 of the Laws of 1921, which took effect on the 7th day of May, 1921, chapter 481 of the

Laws of 1910, entitled "An act in relation to Railroads constituting Chapter 49 of the Consolidated Laws," was amended by inserting therein a new section to be section 95a and which, among other things, contains the following provision: " * * * Not less than one-half of such expense to the railroad corporation or corporations, not less than one-quarter of such expense to the county, and the balance, if any, of such expense to the state of New York, if there be funds available to pay the state's share of such expense, and the public service commission shall deem it just that the state of New York share in such expense. If there be no state funds available for such improvement, or, if the public service commission deem it not just that the state contribute toward the cost of such improvement, then and in that event the public service commission shall apportion the balance of such expense to the petitioners as justice may require and as nearly as may be according to the public benefit conferred or to be conferred by the change or alteration. Any sum apportioned to the county or to any other municipal corporation therein by the public service commission shall be a lawful obligation of such county or such municipal corporation, respectively."

The defendants in their answer, in the 13th paragraph or subdivision thereof, allege that the plaintiff was a party to the proceedings before the public service commission and was served with a notice of the hearing personally and appeared therein by attorney and filed written objections verified by the plaintiff; and that the proceeding was brought under section 91 of the Railroad Law. Said section contains the following provision: " * * * Upon any such petition being brought the public service commission shall appoint a time and place for hearing the peti-

tion, and shall give such personal notice thereof as it shall judge reasonable, of not less than ten days, however, to such petitioner, the railroad company, the municipality in which such crossing is situated, and if such crossing is in whole or part in an incorporated village having not to exceed twelve hundred inhabitants, also to the supervisor or supervisors of the town or towns in which such crossing is situated; and in all cases to the owners of the lands adjoining such crossing and adjoining that part of the street, avenue, highway or road or new portion or additional width of such street, avenue, highway or road to be changed in grade or location, or the land to be opened for a new crossing, and to the state commission of highways in case of a state or county highway.''

And the defendants further claim that the plaintiff's remedy was by appeal to the Appellate Division and not by a taxpayer's action . Said section 91 also contains the following clause: '' * * * The decision of said public service commission rendered in any proceeding under this section shall be communicated within twenty days after final hearing to all parties to whom notice of the hearing in said proceeding was given, or who appeared at said hearing by counsel or in person.'' * * *

Said section 91 also provides for the publication of the notice of the hearing, and also contains the following clause: '' * * * Any person aggrieved by such decision, or by a decision made pursuant to sections eighty-nine and ninety hereof, and who was a party to said proceeding, may within sixty days appeal therefrom to the appellate division of the supreme court in the department in which such grade crossing is situated, and to the court of appeals, in the same manner and with like effect as is provided

in the case of appeals from an order of the supreme court."

I think that the parties upon whom notice was served by the public service commission are the people who are parties to the proceeding in the sense of having the right of appeal and that if any individual in the city affected by the proceeding desired to protect his rights by appeal, something more than an appearance in person and by attorney, or either, and the filing of verified objections was necessary. All of this was more or less of an evidential character to be considered by the public service commission as bearing on the question whether the proposed order should be made. Aside from the parties who were required by the statute to be served by the public service commission, if any other person desired to be made a party, he should have made an application to intervene and upon the granting of that application would have become a party to that proceeding who could appeal from the order therein. The legislature seems to have made this distinction in the aforesaid provision of section 91 wherein it provides that the decision shall be communicated to all parties to whom notice of the hearing was given or who appeared at said hearing by counsel or in person, whereas the provision respecting an appeal provides any person aggrieved by such decision who was a party to such proceeding may appeal; and the parties to whom the decision must be communicated are the parties to whom notice of the hearing was given or who appeared at said hearing by counsel or in person as intervenors as aforesaid.

The defendant also by the 15th subdivision of its answer alleges that the New York Central Railroad Company and the public service commission are necessary parties defendant as a plea in abatement.

The connection of the New York Central Railroad Company appears on the face of the complaint herein; and, also, the allegations with reference to the public service commission, the petition thereto and its action thereon, appear on the face of the complaint. Section 498 of the Code of Civil Procedure provides:

" § 498. Where any of the matters enumerated in section 488 of this act as grounds of demurrer, do not appear on the face of the complaint, the objection may be taken by answer."

The objections herein appearing on the face of the complaint, they must have been taken by demurrer and not by answer. Section 499 of the Code of Civil Procedure provides as follows:

" § 499. Objection; when deemed waived.

" If such an objection is not taken, either by demurrer or answer, the defendant is deemed to have waived it; except the objection to the jurisdiction of the court, or the objection that the complaint does not state facts sufficient to constitute a cause of action."

The objection has been waived and the action may proceed against the present defendants alone. *Jones* v. *Gould,* 200 N. Y. 18.

The trial of this action was commenced in the month of January, 1921, before chapter 663 of the Laws of 1921 became a law. But at the time of making this decision, said chapter 663 is in effect. It is the effect of said act which I am called upon to consider, inasmuch as in an equity suit for injunctive relief the rights of the plaintiff where they depend upon a statute are to be determined with reference to the statute in force at the time when the relief, if any, is to be awarded. *Dieterich* v. *Fargo,* 194 N. Y. 359.

If there is any inconsistency between the older and

the later provisions of the statute, the well settled rule that the earlier must give way to the later applies. The original statute with all its amendments must be read together and viewed as one act passed at the same time; effect must, if possible, be given to all the provisions of the statute. *Matter of Wallace*, 36 Misc. Rep. 1.

Under these rules of construction, I construe the statute as it now stands as follows: Not less than one-half of such expense to the railroad company, not less than one-fourth of the expense and such additional sum in the discretion of the public service commission as may equal one-half of the expense to the municipal corporation; the public service commission being given discretion to apportion the last one-fourth of the expense to the petitioners according to the public benefit conferred. Any sum apportioned to the municipal corporation shall be a lawful obligation of such municipal corporation.

In my opinion, the costs of construction of the sidewalks, pavements, sewers and guard-rails and the cost of relocating or reconstructing existing sewer and water mains, and the costs of and incidental to the acquisition of additional land, or resulting from consequential damages, in excess of $125,000 which by the provisions of such subdivision 2 of the public service commission order were to be borne solely by the city of Kingston, are elements of the costs of eliminating said grade crossing to be added to the other expenses of the elimination, together with all contributions made by the steam surface lines including the thirty-one foot strip of land, but not including the expenses of the trolley lines set forth in subdivision 3 of said order; and that under the existing statute above referred to, the city's share of said expense to be apportioned by the public serv-

ice 'commission, shall in .no event exceed. fifty per cent of the entire expenses of such elimination.

An injunction may issue restraining the defendants from paying more than fifty per cent of the expenses of the elimination of such grade crossing, such items of expense to be made up as hereinbefore indicated.

Judgment accordingly.