FLOYD BEEMAN, Plaintiff, *v.* ALBERT J. MAY, Defendant.

Municipal Court of the City of Syracuse, April 8, 1948.

*William J. Rafter* for plaintiff.
*Harley J. Crane* for defendant.

SKERRITT, J. The plaintiff, vendee in a contract for the purchase of real property, has brought this action against the real estate broker, who negotiated the sale as agent for the vendor, to recover a down payment of $200, which plaintiff paid to defendant as part payment on the purchase price when the contract was signed.

Plaintiff is able and willing to perform his contract, but the vendor cannot give a good title. Plaintiff never had any dealing with the vendor except through her agent, the defendant. And the plaintiff knew when he signed the contract and made the payment that defendant was acting only as an agent. While the plaintiff has a cause of action against the vendor for breach of contract, he has chosen instead to sue the broker to recover the down payment.

The ordinary purpose of an agent is to bring his principal into some business relationship with third persons. The rule is that where an authorized agent, acting within the scope of his authority, makes a contract in the name of a disclosed principal,

the agent does not by implication incur any liability to a third person. This rule applies where the third person, who has voluntarily paid money to an agent for his known principal, seeks to regain it from the agent. In the absence of a special agreement he cannot hold the agent, though the latter has wrongfully withheld the money from his principal. (*Hall* v. *Lauderdale,* 46 N. Y. 70; *Fisher* v. *Meeker,* 118 App. Div. 452; *Title Guar. & Trust Co.* v. *Sage,* 146 App. Div. 578; 1 Mechem on Agency [2d ed.], §§ 1180, 1438.)

In the leading case of *Hall* v. *Lauderdale* (*supra,* p. 74) the court said: '' When the agency is disclosed, and the contract relates to the matter of the agency, and is within the authority conferred, the agent will not be personally bound, unless upon clear and explicit evidence, of an intention to substitute, or to superadd his personal liability for, or to, that of the principal. \* \* \* and when the act is within the authority, the presumption is, that the agent intends to bind the principal, and not himself.''

The agent may, of course, pledge his individual responsibility. If he does so, by engaging expressly in his own name to perform some obligation, he will be personally liable, though he was known to be an agent and did not intend to bind himself. (*Jones* v. *Gould,* 200 N. Y. 18; *Dahlstrom* v. *Gemunder,* 198 N. Y. 449; 1 Mechem on Agency [2d ed.], §§ 1170, 1181, 1182.) Whether the agent has thus obligated himself is usually a question of fact. (1 Mechem on Agency [2d ed.], § 1182.) In the instant case I find no evidence of any such special agreement by the defendant.

Complaint dismissed; judgment for defendant, with costs.