ANTHONY J. PRIOLETTI, Plaintiff, *v.* LEONARD C. BOWMAN et al., Defendants.

Municipal Court of the City of Syracuse, October 25, 1948.

*Anthony Smith* for plaintiff.

*William J. Rafter* for Leonard C. Bowman, defendant.

*Carmine Fazio* for Demetrio E. Macris, defendant.

SKERRITT, J. The plaintiff, vendee in a contract for the purchase of personal property in a restaurant, has brought this action against defendant Macris, vendor, and defendant Bowman, agent for the vendor, to recover $1,000 which plaintiff paid to said agent as a down payment on the purchase price.

Under this contract, dated June 16, 1948, the vendor agreed to sell and the vendee to purchase said personal property for $14,900, on condition that the vendor should obtain an assignment of a five-year lease of the premises, and on certain other conditions. From the evidence I find that the vendor failed to meet any of these conditions, and therefore failed to perform. For this reason the plaintiff vendee elected to rescind, and demanded his money back. Both defendants refused.

The vendor is, of course, liable for this down payment. The important question is whether the responsible defendant Bowman, the broker who negotiated the sale as agent for his known and disclosed principal, is personally liable. As a rule an agent represents only his principal, and does not obligate himself to third persons. And where a contract is made by an authorized agent, within the scope of his authority, in the name of a disclosed principal, as in the instant case, the agent does not by implication incur any liability to third persons. This rule applies where the third person, who has voluntarily paid money to an agent for his known principal, seeks to regain it from the

agent. In the absence of a special agreement he cannot hold the agent, though the latter has wrongfully withheld it from his principal. (*Hall* v. *Lauderdale,* 46 N. Y. 70; *Fisher* v. *Meeker,* 118 App. Div. 452; *Title Guarantee & Trust Co.* v. *Sage,* 146 App. Div. 578.)

In our case, however, I find from the evidence that when the plaintiff vendee signed this contract and paid his money to the broker he told him that he wanted to be sure to get it back if the deal did not go through; and that the broker, defendant Bowman, in order to induce the vendee to sign the contract and make the payment, told him that he would hold possession of this money for the vendee's protection until the deal was closed, and would pay it back to him in full if the deal fell through. I also find that the vendee trusted the broker in this matter, and made the down payment in reliance upon this special agreement. Under these facts the broker has added his personal responsibility to that of his principal, and has made himself equally liable with his principal for the repayment of this money. (*Jones* v. *Gould,* 200 N. Y. 18; *Dahlstrom* v. *Gemunder,* 198 N. Y. 449; *Cobb* v. *Knapp,* 71 N. Y. 348; *Hernandez* v. *Brookdale Mills, Inc.,* 194 App. Div. 369.)

In the leading case of *Jones* v. *Gould* (*supra*) plaintiff sought to recover certain funds paid to defendants as agents for a disclosed principal, the complaint alleging that defendants personally agreed to pay it back. The question was whether such an agreement would bind them personally, when made within the scope of their authority as agents, in a transaction between their known principal and the plaintiff. A verdict for the plaintiff was set aside by the Appellate Division on the ground that defendants would not be liable. But the Court of Appeals, reversing, held that they would be. The court said (p. 20): " Of course, the contracts of an authorized agent acting on behalf of a known principal do not impose a personal liability upon the agent. But an agent * * * may pledge his personal credit, * * * and he himself may see fit to assume the obligation."

In his answer defendant Macris, denying that he failed to perform, demands specific performance of the contract, and sets up a counterclaim for damages of $25,000. He then argues that this court, limited to claims of $3,000, and without the power to decree specific performance, lacks jurisdiction of the action.

Of course the demand for specific performance is without merit as to this contract for the sale of ordinary personal property. And as to the counterclaim this court, having juris-

diction of the action as commenced by the plaintiff, retains jurisdiction of the entire action, including the counterclaim. (*Janks* v. *Braveman,* 188 Misc. 373, appeal dismissed 72 N. Y. S. 2d 679; *Matter of Byrne* v. *Padden,* 248 N. Y. 243; *Howard Iron Works* v. *Buffalo Elevating Co.,* 176 N. Y. 1.)

Judgment for plaintiff against both defendants in amount of $1,000, with interest from September 1, 1948, with costs. Counterclaim dismissed.