MARVIN EMMONS, Plaintiff, *v.* A. F. McFAUL et al., Defendants.

Municipal Court of the City of Syracuse, February 8, 1949.

*Lawrence M. Rulison* for Clifton Rollins, defendant.
*Leo Dorsey* for plaintiff.
*Francis E. Maloney* for A. F. McFaul, defendant.

SKERRITT, J. This is a motion by defendant Rollins, who resides in Cayuga County, New York, to dismiss the complaint on the ground that this court does not have jurisdiction of the subject of the action as against this defendant.

The summons and complaint were served on him in the city of Syracuse, Onondaga County, and he has appeared generally. From such appearance, with its implied waiver as to jurisdiction of the person, this court acquired jurisdiction of the person of this defendant. (Civ. Prac. Act, § 237; 2 Carmody on New York Pleading and Practice [2 ed.], 749; 1 Wait on New York Practice [4th ed.], § 14, p. 38.)

But of course such general appearance did not give jurisdiction of the subject of the action. The latter, if denied by law, cannot be conferred by consent. (2 Carmody on New York Pleading and Practice [2 ed.], § 750; 1 Wait on New York Practice [4th ed.], § 12, p. 37.) In the instant case jurisdiction of the subject of the action is fixed by subdivision 1 of section 6 of the Syracuse Municipal Court Code (L. 1937, ch. 742), which limits the jurisdiction of this court to causes arising within the county of Onondaga, when the defendant is a nonresident of the county and has been served in the city. The question, therefore, is whether plaintiff's cause of action against Rollins arose within the county of Onondaga.

The plaintiff, vendee in a contract for the purchase of a farm, owned by Rollins and located in Cayuga County, has brought this action against said defendant vendor, who is unable to give a good title, and also against defendant McFaul, the Syracuse real estate broker who negotiated the sale as agent for Rollins, to recover a down payment of $500 paid to said agent by the plaintiff when he signed the contract in Syracuse. Assuming that the complaint alleges a cause of action which affirms the contract and claims $500 as damages for breach, and also a cause of action to rescind, and to recover said sum as money had and received, and passing the question as to whether the plaintiff may stand on one cause or both, the question to be decided is whether either cause of action arose within the county of Onondaga.

This contract, in the usual form of a purchase offer, was signed by the vendee in Syracuse, and then by the vendor in Cayuga County. The contract was therefore made in Cayuga County where the offer was accepted. (1 Williston on Contracts [Rev. ed.], § 97; 1 Restatement, Contracts, § 74; *Franklin Sugar Refining Co.* v. *Lipowicz,* 247 N. Y. 465.)

But the contract provides that the deed shall be delivered, the balance of the purchase price paid and the deal closed, at McFaul's office in Syracuse, and that said broker is the vendor's agent. So the contract was by its terms to be performed in Syracuse. Consequently the vendor's breach in failing to perform occurred here, and the plaintiff's cause of action for the breach arose here in Onondaga County. The place fixed for the performance of a contract is the place of the breach. And the place of the breach is usually the place where the cause of action arises. (*Hibernia Nat. Bank* v. *Lacombe,* 84 N. Y. 367, 384; *Wester* v. *Casein Co. of America,* 206 N. Y. 506, 514.)

As to the plaintiff's cause of action against the vendor for money had and received, the payment of this $500 to the broker, who received it while acting within the scope of his authority as agent for his disclosed principal, was in effect a payment to the latter. And the broker's subsequent refusal to refund the money, while acting as such agent, was the refusal of his principal. Said payment and refusal having occurred in Syracuse, the cause of action thereon for money had and received to the plaintiff's use arose in this county. (As to the nature and scope of this remedy see: 3 Carmody on New York Pleading and Practice [2d ed.], § 947; 3 Wait on New York Practice [4th ed.], § 62, p. 273; 4 Bender's Forms of Pleading [1947 ed.], § 265.)

In my opinion, therefore, this complaint states a cause of action against the vendor for breach of contract, and possibly for money had and received, and this court has jurisdiction of said defendant and the subject of the action in either case.

As to the broker, however, it should be noted that apparently he was acting merely as an agent for a disclosed principal; and that in such case, in the absence of a special agreement by the agent, he usually incurs no personal liability to a third person, even though he has wrongfully withheld the money from his principal. (*Beeman* v. *May,* 193 Misc. 684; *Prioletti* v. *Bowman,* 194 Misc. 752.)

Motion denied, without costs.