Cohn, J.
By letter dated September 14, 1946, and signed by defendant, plaintiff’s assignor was engaged as manager of a retail store in Florence, Alabama, for a period of two years from January 1, 1947, at a salary of $10,000 per year, payable monthly, plus a percentage of the net profits as a bonus. Plaintiff’s assignor, in accordance with the terms of the contract, on January 2, 1947, entered upon and continued the performance of his duties in Florence until July 26, 1947, on which date he claims to have been discharged without just cause. The store was owned by Ruth Shops, Inc., a corporation organized in February, 1946, in the State of Mississippi. The corporation was also authorized to do business in the State of Alabama under the trade name of “ Jean-Ann’s ”.
Plaintiff’s assignor assigned the cause of action for breach of the contract to his father, who brought this suit in this State against defendant to recover damages for the alleged wrongful discharge in Alabama.
The letter on which plaintiff’s cause of action is based reads in part as follows:

Ready-to-Wear
Shoes
Millinery
Stores in Mississippi Tennessee Alabama
September 14, 1946
Mr. Syd Shoenthal Decatur, Illinois
Dear Mr. Shoenthal:
This will acknowledge my visit to Decatur and our understanding for you to begin as manager of our Florence, Alabama *202 store on January 1, 1947 and to take over the management of the Columbus Store as soon as it is completed.”
Then follow the terms of employment. The letter continues:
“ Tour experience and background fit in nicely with our needs. We are comparatively new and are going to need all your co-operation and experience and we, in turn, promise you our fullest cooperation.
I feel that your beginning with us at this early stage of our expansion will lead to a happy and long business relationship and steady growth. After the second year, we will arrive at a further understanding.
I appreciate very much the hospitality to me while in Decatur by both Mrs. Shoenthal and yourself.
With regards, I remain
Sincerely yours,
(Sgd.) A. Bernstein ”
Defendant claimed that he did not personally hire plaintiff’s assignor; that in making the contract he acted as agent for a known principal to-wit: Ruth Shops, Inc., which owned and operated the store of which plaintiff’s assignor was to be the manager; that plaintiff’s assignor knew that he was being engaged by Ruth Shops, Inc., and that the letter of September 14, 1946, did not personally bind the defendant; that it was the intention of the parties that the contract was to be between plaintiff’s assignor and Ruth Shops, Inc.
The sole issue in the case was whether defendant became personally liable to plaintiff’s assignor or whether the corporation (which was not made a party to the action) alone was liable.
In directing a verdict for plaintiff for the full amount claimed, the Trial Judge held as a matter of law that by his letter defendant personally bound himself as employer and that the terms of such letter could not be varied or corrected by oral testimony. On this appeal, defendant urges that the court erroneously excluded parol evidence which was designed to show that at the time the agreement was entered into, plaintiff’s assignor knew who the principal was; that from the very terms of the letter of employment it appears that defendant should not be personally bound, and that, at the very least, there was an obvious ambiguity in the contract itself with respect to whether it was the individual contract of defendant or a contract made solely for the principal, in which event parol evidence was admissible to show whose contract it was intended to be.
*203 The writing upon which plaintiff relies, we are persuaded, is ambiguous as to the parties intended to be bound. It does not clearly appear from the instrument itself that defendant intended to become personally liable. The writing at the very beginning shows a list of names indicating that it was sent from the executive offices of “ Buth Shops — Jean-Ann’s — Libby’s”. In the body of the letter plaintiff’s assignor is advised: “ This will acknowledge my visit to Decatur and our understanding for you to begin as manager of our Florence, Alabama store.” Later the writing states : “ Your experience and background fit in nicely with our needs. We are comparatively new and are going to need all your co-operation and experience and we, in turn, promise you our fullest cooperation. ’’ (Emphasis ours.) The constant use of the plural in the letter and the notation of the various names by which the corporation was known at the top of the letter, together with knowledge on the part of plaintiff’s assignor that Buth Shops, Inc., was the real principal would make it appear that defendant was acting for the corporation and not for himself and that defendant never intended to become personally liable upon the contract. It was, therefore, proper for defendant to establish by parol evidence that plaintiff’s assignor knew before September 14, 1946, that Buth Shops, Inc., was the principal in the transaction. This, defendant unsuccessfully attempted to show by conversations which he had with plaintiff’s assignor antedating the execution of the letter. Such testimony should not have been excluded. So too with testimony offered by defendant to show that plaintiff’s assignor obtained credit information on Buth Shops, Inc., prior to the making of the contract of September 14th; that in November, 1946, plaintiff’s assignor, with defendant, had issued a release to Women’s Wear, a commercial daily of wide circulation, showing that Buth Shops, Inc., of Columbus, Mississippi, was the owner of the store in Florence, Alabama; and also that while in the employ of this company he filed income tax returns, social security slips and unemployment insurance forms showing that he was in the employ of Buth Shops, Inc., and not in defendant’s employ.
Plaintiff’s assignor admitted that from the inception of his employment he was paid by checks of Buth Shops, Inc., the corporation authorized to do business under the trade name of “Jean-Ann’s ” in the State of Alabama. He continued in the employ of Buth Shops, Inc., from January 2, 1947, to July, 1947, when his employment was terminated.
*204 An agent acting for a disclosed principal may of course bind himself personally by a contract made in behalf of the principal if he so volunteers or if the other party requires it (Meyer v. Redmond, 205 N. Y. 478; Jones v. Gould, 200 N. Y. 18, 20). If the other party to the contract elects to hold the signer thereof, parol evidence is, to be sure, not admissible to release him from the obligation he has voluntarily assumed, although it would be competent to bring in a third party not named (Gordon Malting Co. v. Bartels Brewing Co., 206 N. Y. 528, 537). However, unless the contract clearly shows that it was intended to be the personal obligation of the agent of a known principal, the agent is not bound thereby individually and the party with whom he negotiates it may look only to the principal for performance (Keskal v. Modrakowski, 249 N. Y. 406, 408; Ell Dee Clothing Co. v. Marsh, 247 N. Y. 392, 397; Commercial Bank v. Waters, 45 App. Div. 441, 444, affd. 167 N. Y. 583; Ferris v. Kilmer, 48 N. Y. 300; Bonynge v. Field, 81 N. Y. 159, 160; Royal Ind. Co. v. Corn, 162 N. Y. S. 659, 660).
Where as here, the contract is ambiguous on its face as to whether it is the individual contract of the agent or a contract made for his principal although signed by the agent individually, parol evidence is admissible to show the intention of the parties (Hernandez v. Brookdale Mills, Inc., 194 App. Div. 369, 380; Anderson v. English, 105 App. Div. 400, 403; Union Trust Co. of New York v. Whiton, 97 N. Y. 172,177; Morrill v. Segar Mfg. Co., 32 Hun 543, 545). The Restatement of Agency declares as follows:
“ § 157. Instrument in which agency shown only in one part. * * *
“ If the instrument is ambiguous as to parties, extrinsic evidence is admissible to prove that the parties intended to include or exclude either the principal or the agent.”
In the Hernandez case this court used the following pertinent language (Laughlin, J.), at page 381: “ There is seldom any difficulty in applying the law where the contract is made by an agent known to be acting in that capacity who does not disclose the name of his principal, for in such case the party dealing with the agent must necessarily rely on his credit since he knows nothing concerning the responsibility of the undisclosed principal (Meyer v. Redmond, supra; Good v. Rumsey, 50 App. Div. 280), but when the principal is known to the person dealing with the agent and it is understood by both parties that the contract is negotiated for the principal, the courts should not *205 close their eyes to the manner in which such contracts are constantly negotiated and by the application of an arbitrary rule hold that a contract intended and understood to be that of the principal personally binds the agent, who had no intention of pledging his personal credit, and binds the principal as well, so that the party dealing with him may look to whichever of them he finds to be the more responsible financially. It will not do, therefore, to hold that a contract negotiated by an agent for a known and disclosed principal becomes the contract of the agent if in negotiating it verbally or by writing not under seal, he signs his own name without taking the precaution to tell the person to whom he is writing that he is acting for his principal which is already fully understood.”
Upon the evidence received and upon such portions as were improperly excluded we think that there'was an issue of fact as to whether plaintiff’s assignor knew that defendant when signing the agreement, was acting as agent of Ruth Shops, Inc., and as to whether the contract itself, in the light of its ambiguity, and in the setting of this case, personally bound defendant to perform the terms of the contract.
For the foregoing reasons the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.
Peck, P. J., Glennon, Dobe and Van Voobhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.