JaCk J. Danella, J.
This action was brought by plaintiffs, the purchasers of real property, against the defendant, Eva Larkin, the seller of the property and against the defendant, Sexton Co., Inc., real estate broker, who negotiated the sale as *840 agent of the seller. The purpose of the action was to recover the down payment of $300 which plaintiffs paid to the broker as part payment of the purchase price. The down payment was retained by the real estate broker.
Under the terms of the contract, the sale was made contingent upon the purchasers being able to secure an FHA-insured mortgage loan in the amount of $9,300. Upon the failure to secure such a loan, the agreement was to become null and void and the deposit of $300 was to be refunded to the plaintiffs.
The evidence was in dispute as to whether or not the plaintiffs were able to secure such a mortgage loan. Upon the conclusion of the plaintiffs’ case and again upon conclusion of all of the evidence, the defendants moved separately for judgment dismissing the complaint of the plaintiffs. Both motions were upon the ground that the plaintiffs had failed to prove a cause of action against the defendants. When the court indicated that it would reserve decision on all of the motions and send the case to the jury, the attorney for the plaintiffs stated to the court that plaintiffs would have no objection to the court granting the' motion made by the defendant Larkin provided it was granted without costs. Defendant Larkin quickly agreed that her motion could be granted without costs. In view of the foregoing, the court granted the motion to dismiss the complaint against the defendant, Larkin, without costs.
Defendant, Sexton Co., Inc., then renewed their motion for dismissal of the complaint against them on the ground that they were acting solely as agents and could not be held liable as matter of law where the case against their principal had been dismissed. The court reserved decision on this motion and sent the case to the jury.
The jury returned a verdict in favor of the plaintiffs against the defendant, Sexton Co., Inc., the real estate broker. After receipt of the verdict, the defendant, Sexton Co., Inc., renewed its motion to dismiss the action as being contrary to law and to set aside the verdict of the jury as being against the weight of the evidence.
The court now decides to grant the motion made by the defendant, Sexton Co., Inc., subsequent to dismissal of the case against the defendant, Larkin, and hereby dismisses the action against Sexton Co., Inc., as being contrary to law (CPLB 4404) and the verdict of the jury is accordingly set aside.
The case at hand is the usual one of a real estate broker securing a purchaser of property for a principal who was disclosed to the purchaser. The agent acted within the terms of its authority and accepted a deposit from the purchaser which is *841 customary in such matters. The general rule in this State seems to be that money paid to an agent for the benefit of a known principal to be returned to the payor upon the failure of a certain condition or upon the nonperformance of a certain condition, cannot, when the payor becomes entitled to its return, be recovered from the agent, since the question of whether the payor is entitled to the money is one that does not concern the agent but is between payor and the principal. (2 N. Y. Jur., Agency, 425 ; Levme v. Field, 114 N. Y. S. 819.) It has been held, however, where the agent adds or pledges his personal responsibility, he may become personally liable for the repayment of the money if the transaction is not consummated according to the contract. (Jones v. Gould, 200 N. Y. 18; Prioletti v. Bowman, 194 Misc. 752, affd. 275 App. Div. 1067; Beeman v. May, 193 Misc. 684.) There is nothing in the complaint of the plaintiffs that sets forth a separate cause of action against the defendant, Sexton Co., Inc., the broker, claiming that they had pledged their individual responsibility to the plaintiffs for the return of the deposit nor was there any evidence produced at the trial by the plaintiffs to show that the brokers obligated themselves in any way to return the deposit money in the event that said contract was not consummated for any reason. The action of the plaintiffs against the defendant, Sexton Co., Inc., is hereby dismissed as being contrary to law.